1  Robert V. Prongay (SBN 270796)
   Charles Linehan (SBN 307439)
2  Pavithra Rajesh (SBN 323055)
   **GLANCY PRONGAY & MURRAY LLP**
3  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
5
   *Counsel for Lead Plaintiff Movant James*
6  *Khoury*

7  [Additional Counsel on Signature Page]

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | ANDREW TRAMPE, Individually and | Case No. 2:20-cv-11627-FMO-RAO |
12 | On Behalf of All Others Similarly | |
   | Situated, | **MEMORANDUM OF LAW IN** |
13 | | **SUPPORT OF MOTION OF JAMES** |
   | Plaintiff, | **KHOURY FOR CONSOLIDATION** |
14 | | **OF RELATED ACTIONS,** |
   | v. | **APPOINTMENT AS LEAD** |
15 | | **PLAINTIFF, AND APPROVAL OF** |
   | CD PROJEKT S.A., ADAM MICHAL | **LEAD COUNSEL** |
16 | KICINSKI, PIOTR MARCIN | |
   | NIELUBOWICZ, and MICHAL | |
17 | NOWAKOWSKI, | |

18

19 | Defendants. | |

20 | RIVER HAIN, Individually and On | Case No. 2:21-cv-00354-CJC-JEM |
   | Behalf of All Others Similarly Situated, | |
21 | | |
   | Plaintiff, | |
22 | | |
   | v. | |
23 | | |
   | CD PROJEKT S.A., ADAM MICHAL | |
24 | KICINSKI, PIOTR MARCIN | |
   | NIELUBOWICZ, and MICHAEL | |
25 | NOWAKOWSKI, | |

26 | Defendants. | |

27

28

                        MEMORANDUM OF LAW

Lead Plaintiff Movant James Khoury ("Movant") respectfully submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to appoint Movant as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of all persons other than the defendants who purchased or otherwise acquired CD Projekt S.A. ("CD Projekt" or the "Company") securities between January 16, 2020 and December 17, 2020, inclusive ("Class Period").

## I.      PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that Movant is the "most adequate plaintiff" as defined by the PSLRA.

Movant has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Movant's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise

1  in securities class action litigation and the experience and resources to efficiently
2  prosecute this action.

3  **II.    FACTUAL BACKGROUND[1]**

4      CD Projekt engages in the development and digital distribution of
5  videogames worldwide. It operates through two segments, CD PROJEKT RED and
6  GOG.com. For several years, the Company devoted substantially all of its resources
7  to the development of Cyberpunk 2077.

8      On December 10, 2020, the Company launched Cyberpunk 2077, but
9  consumers soon discovered that the current-generation console versions of the game
10  were error-laden and difficult to play.

11      On December 14, 2020, CD Projekt held a conference call during which the
12  Company's Chief Executive Officer stated that the Company "ignored the signals
13  about the need for additional time to refine the game on the base last-gen consoles."
14  During the same call, CD Projekt's Chief Financial Officer stated that the Company
15  "definitely did not spend enough time looking at" issues with the Current-
16  Generation Console versions.

17      After the game's release, the Company's American Depositary Receipts
18  ("ADRs") fell $6.93, or 25%, over three consecutive trading sessions to close at
19  $20.75 per ADR on December 14, 2020. During the same period, the Company's
20  common shares fell $21.65, or 20.1%, to close at $86.00 per share on December 14,
21  2020.

22      On December 18, 2020, Sony issued a statement stating that it would "offer a
23  full refund for all gamers who have purchased Cyberpunk 2077 via PlayStation
24  Store" and "remov[e] Cyberpunk 2077 from PlayStation Store until further notice."
25  Microsoft also announced that it would offer refunds for the game. The same day,

26
27  ---
[1] This section has been adapted from the complaints filed in the above-captioned
actions.
28

1  the Company stated that Sony's decision to "temporarily suspend" sales of the game

2  came after a discussion with the Company.

3       On this news, the Company's ADRs fell $3.44, or 15.8%, to close at $18.50

4  per ADR on December 18, 2020. The Company's common share fell $9.20, or

5  10.45%, to close at $78.80 per share on December 18, 2020.

6       Throughout the Class Period, Defendants made materially false and/or

7  misleading statements, as well as failed to disclose material adverse facts about the

8  Company's business, operations, and prospects. Specifically, Defendants failed to

9  disclose to investors: (1) that Cyberpunk 2077 was virtually unplayable on the

10  current-generation Xbox or Playstation systems due to an enormous number of

11  bugs; (2) that, as a result, Sony would remove Cyberpunk 2077 from the Playstation

12  store, and Sony, Microsoft, and the Company would be forced to offer full refunds

13  for the game; (3) that, consequently, the Company would suffer reputational and

14  pecuniary harm; and (4) that, as a result, Defendants' statements about its business,

15  operations, and prospects were materially false and misleading and/or lacked a

16  reasonable basis at all relevant times.

17  **III.   PROCEDURAL HISTORY**

18       On December 24, 2020, plaintiff Andrew Trampe commenced a class action

19  lawsuit against CD Projekt and certain of its officers, captioned *Trampe v. CD*

20  *Projekt S.A., et al.*, Case No. 2:20-cv-11627 (the "*Trampe* Action").

21       On January 14, 2021, plaintiff River Hain commenced a substantially similar

22  action in this District against the same defendants and on behalf of the same plaintiff

23  class as the *Trampe* Action, captioned *Hain v. CD Projekt S.A., et al.*, Case No.

24  2:21-cv-00354 (the "*Hain* Action," and together with the *Trampe* Action, the

25  "Related Actions").

26

27

28

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002 WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (consolidating cases alleging claims under the Securities Act of 1933 and the Exchange Act).

### B.    Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Movant, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

## 1.   Movant's Motion Is Timely

On December 25, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Pavithra Rajesh ("Rajesh Decl."), Ex. A. Therefore, Movant had sixty days (i.e., until February 22, 2021), to file a motion to be appointed as Lead Plaintiff.  As a purchaser of CD Projekt securities during the Class Period, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint and is willing to serve as a representative of the class.

Rajesh Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Movant purchased CD Projekt securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Rajesh Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3.    Movant Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical

of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus . . . " and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)     Movant's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant purchased CD Projekt securities during the Class Period and suffered losses as a result of his transactions. Like all

members of the Class, Movant alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning CD Projekt's operations and financial prospects. Movant's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of CD Projekt securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movant's interests and claims are typical of the interests and claims of the Class.

### b)   Movant Is An Adequate Representatives

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Movant easily satisfies the adequacy requirements. Movant's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Mr. Khoury resides in Oakland County, Michigan and has a master's degree. He has been managing his own investment portfolio for 20 years. Moreover, Movant has retained competent and experienced counsel with the

resources and expertise to efficiently and effectively prosecute this action. *See* Rajesh Decl., Ex. D (the firm's résumé). In addition, Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Movant has retained GPM to pursue this litigation on his behalf and will retain the fir as Lead Counsel in the event Movant is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Rajesh Declaration as Exhibit D, the Court may be assured that, by granting Movant's' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing James Khoury as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  February 22, 2021

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Pavithra Rajesh*
Robert V. Prongay
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  prajesh@glancylaw.com

*Counsel for Lead Plaintiff Movant James Khoury and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

1

**PROOF OF SERVICE BY ELECTRONIC POSTING**

2

I, the undersigned, say:

3

I am not a party to the above case, and am over eighteen years old. On

4   February 22, 2021, I served true and correct copies of the foregoing document, by

5   posting the document electronically to the ECF website of the United States District

6   Court for the Central District of California, for receipt electronically by the parties

7   listed on the Court's Service List.

8

I affirm under penalty of perjury under the laws of the United States of

9   America that the foregoing is true and correct. Executed on February 22, 2021, at

10   Los Angeles, California.

11

*/s/ Pavithra Rajesh*
Pavithra Rajesh

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28