1
2
3
4
5
6

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

7

*Attorneys for Lili Ma*

8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ANDREW TRAMPE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CD PROJEKT S.A., ADAM MICHAL KICINSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI, <br><br> Defendants. | No. 2:20-cv-11627-FMO-RAO <br><br> **MEMORANDOM OF LAW IN SUPPORT OF MOTION OF LILI MA FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge: Hon. Fernando M. Olguin <br> Date:  April 8, 2021 <br> Time: 10:00 a.m. <br> Courtroom #6D |
| RIVER HAIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CD PROJEKT S.A., ADAM MICHAL KICINSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI, <br><br> Defendants. | No. 2:21-cv-00354-CJC-JEM <br><br> Judge: Hon. Cormac J. Carney |

# <u>TABLE OF CONTENTS</u>

I.    PRELIMINARY STATEMENT ................................................................1

II.   STATEMENT OF FACTS...................................................................2

III.  ARGUMENT ......................................................................................4

   A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...............4

   B.   MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE.................................................................................5

      1. The Procedure Required by the PSLRA ...................................5

        a. Movant Is Willing to Serve As Class Representative..........................6

        b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class ...............................................................................6

   C.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ............................................................................8

        a. Movant's Claims are Typical of the Claims of all the Class Members ...................................................................................9

        b. Movant Will Adequately Represent the Class...................................10

   D.   APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.................................................................................11

IV.  CONCLUSION .........................................................................................11

# **TABLE OF AUHTORITIES**

**Cases**

*In re Cavanaugh*,

 306 F.3d 726 (9th Cir. 2002)...............................................................1, 6, 7, 8

*Crawford v. Honig*,

 37 F.3d 485 (9th Cir. 1994)..............................................................................9

*Daniels Family 2001 v. Las Vegas Sands Corp.*,

 2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .......................................11

*Deinnocentis v. Dropbox, Inc.*,

 2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)..................................11

*In re Drexel  Burnham Lambert Group*,

 960 F.2d 285 (2d Cir. 1992)..............................................................................9

*Ferrari v. Gisch*,

 225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................8

*Gen. Tel. Co. of the Southwest v. Falcon*,

 457 U.S. 147 (1982) ..........................................................................................8

*Hanlon v. Chrysler Corp.*,

 150 F.3d 1011 (9th Cir. 1998)...........................................................................8

*Haung v. Acterna Corp.*,

 220 F.R.D. 255 (D. Md. 2004) ..........................................................................8

*Hufnagle v. Rino Int'l Corp.*,

 No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb.

 14, 2011)............................................................................................................4

*Maiden v. Merge Techs., Inc.*,

 No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........6

*In re Milestone Sci. Sec. Litig.*,

 183 F.R.D. 404 (D.N.J. 1998) ...........................................................................8

*Nickerson v. American Electric Power Company, Inc., et al.*,
    No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) ............................. 11

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................... 8

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) ............................................................................. 8

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ............................................................ 7

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984) ........................................................................ 8, 9

*White Pine Invs. v. CVR Ref.*,
    2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ..................................... 11

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................ passim

**Rules**

Fed. R. Civ. P. 23 ............................................................................................. passim

Fed. R. Civ. P. 42(a) ............................................................................................ 4

## I.    PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (the "Actions")[1] brought on behalf of all persons who purchased or otherwise acquired securities of CD Projekt S.A. ("CD Projekt" or the "Company") between January 16, 2020 and December 17, 2020, inclusive (the "Class Period"). Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Adam Michal Kicinski ("Kicinski"), Piotr Marcin Nielubowicz ("Nielubowicz"), and Michał Nowakowski ("Nowakowski"), (collectively, "Defendants").[2]

Movant Lili Ma ("Movant") lost approximately $33,709.64 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of her motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (c) for approval of her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that she has the largest financial interest in the outcome of

---

[1] The two actions pending in this Court are entitled *Trampe v. CD Projekt S.A., et al.,* C.A. No. 2:20-cv-11627-FMO-RAO (C.D. Cal. Dec. 24, 2020) (the "*Trampe* Action"); and *Hain v. CD Projekt S.A.,,* C.A. No. 2:21-cv-00354-CJC-JEM (C.D. Cal. Jan. 14, 2021)  (the "*Hain* Action").

[2] The Actions allege violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)), as well as Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

the case.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that she should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.     STATEMENT OF FACTS[5]

CD Projekt, through its subsidiaries, engages in the development and digital distribution of videogames worldwide. ¶ 7. CD Projekt is a Delaware corporation and its principal offices are located in Warsaw, Poland. ¶ 8. The Company's American Depositary Receipts ("ADRs") trade on the OTC Pink under the ticker symbol "OTGLY", and its ordinary shares trade on the OTC Pink under the ticker symbol "OTGLF". *Id.*

CD Projekt operates through two segments: CD PROJEKT RED and GOG.com. *Id.* The Company's product portfolio includes The Witcher; The Witcher 2: Assassins of Kings; The Witcher 3: Wild Hunt, Hearts of Stone games, and Blood and Wine; Thronebreaker: The Witcher Tales; Gwent: The Witcher Card game; and Cyberpunk 2077, as well as online multiplayer games. *Id.*

Throughout the Class Period, Defendants made materially false and

---

[3] Movant's certifications identifying her transactions during the Class Period and a chart detailing her losses are attached to the Declaration of Adam M. Apton, dated February 22, 2020 ("Apton Decl."), as Exhibits A, and B, respectively.

[4] The Actions exclude from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Trampe* Complaint") filed in the *Trampe* Action. The facts set forth in the *Trampe* Complaint are incorporated herein by reference.

misleading statements regarding the Company's business, operations, and prospects. ¶ 26. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1 Cyberpunk 2077 was virtually unplayable on the current-generation Xbox or Playstation systems due to an enormous number of bugs; (2) as a result, Sony would remove Cyberpunk 2077 from the Playstation store, and Sony, Microsoft and the Company would be forced to offer full refunds for the game; (3) consequently, the Company would suffer reputational and pecuniary harm; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

Cyberpunk 2077 was launched by the Company on December 10, 2020. ¶ 27. Consumers soon discovered that the Current-Generation Console versions of Cyberpunk 2077 were error-laden and difficult to play. *Id. IGN* published a scathing review, stating that the Console versions "fail[] to hit even the lowest bar of technical quality one should expect even when playing on lower-end hardware. [Cyberpunk 2077] performs so poorly that it makes combat, driving, and what is otherwise a master craft of storytelling legitimately difficult to look at." *Id.*

On December 14, 2020, facing criticisms for delivering an unplayable, bugridden product on the Current-Generation Consoles, the Company held a conference call. ¶ 28. During the call, Defendant Kicinski called the Current-Generation Console versions "way below our expectations," and stated the following:

> After 3 delays, we as the Management Board were too focused on releasing the game*. **We underestimated the scale and complexity of the issues, we ignored the signals about the need for additional time to refine the game on the base last-gen consoles.*** It was the wrong approach and against our business philosophy. On top of that, during the campaign, we showed the game mostly on PCs. *Id.*

Following the release, the Company's ADR (OTGLY) price plummeted

25%, or $6.93 per share, over three trading days to close on December 14, 2020, at $20.75 per share damaging investors. ¶ 30. Within that timeframe, CD Projekt's common share (OTGLF) price fell 20.1%, or $21.65 per share, to close at $86.00 per share on December 14, 2020. *Id.*

Then, on December 18, 2020, Sony issued a statement via the Playstation website that it would "offer a full refund for all gamers who have purchased Cyberpunk 2077 via PlayStation Store" and "be removing Cyberpunk 2077 from PlayStation Store until further notice." ¶ 31. Microsoft also announced that it would offer refunds for the game. *Id.*

That same day, the Company stated that Sony's decision to "temporarily suspend" sales of the game came after a discussion with the Company. ¶ 32.

In response to this news, CD Projekt's ADR (OTGLY) price dropped $3.49 per share, or 15.87%, to close on December 18, 2020 at $18.50 per share, damaging investors. ¶ 33. CD Projekt's common share (OTGLF) price fell $9.20 per share, or 10.45%, to close on December 18, 2020 at $78.80 per share. *Id.*

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. ¶ 34.

## III. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a).

The Actions pending before this Court are suited for consolidation. The class action complaints are all brought by purchasers of CD Projekt securities. The complaints allege nearly identical class periods and contain nearly identical allegations charging Defendants with making false and misleading statements

concerning the safety and commercial viability of its lead product candidates.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF-VBKx, 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and identical Defendants, warrant consolidation of the Actions.

## B.   MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

### 1.   The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

1    (bb)   in the determination of the court, has the largest financial interest in

2  the relief sought by the class; and

3    (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules

4  of Civil Procedure.

5  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon

6  proof by a class member that the presumptively most adequate plaintiff "will not

7  fairly and adequately protect the interests of the class" or "is subject to unique

8  defenses that render such plaintiff incapable of adequately representing the class."

9  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

10    As set forth below, Movant satisfies the foregoing criteria and is not aware

11  of any unique defenses that defendants could raise against her. Therefore, Movant

12  is entitled to the presumption that she is the most adequate plaintiff to represent the

13  Class and, as a result, should be appointed lead plaintiff in the Actions.

14            **a.  Movant Is Willing to Serve As Class Representative**

15    On December 24, 2020, counsel in the *Trampe* Action caused a notice (the

16  "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced

17  that a securities class action had been filed against CD Projekt and certain of its

18  officers and directors, and which advised putative class members that they had

19  sixty days from the date of the Notice to file a motion to seek appointment as a lead

20  plaintiff in the *Trampe* Action.[6]

21    Movant has reviewed the complaint filed in the *Trampe* Action and has

22  timely filed her motion pursuant to the Notice.

23            **b.  Movant Has the Requisite Financial Interest in the Relief**

24                **Sought by the Class**

25    According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead

26

27

28

---

[6] The *Trampe* Action was filed in this Court on December 24, 2020. On the same day, the Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. See Apton Decl. Ex. C.

1  plaintiff the movant or movants with the largest financial loss in the relief sought

2  by the Actions. As demonstrated herein, Movant has the largest known financial

3  interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who

4  "has the largest financial interest in this litigation and meets the adequate and

5  typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff

6  status." *Maiden v. Merge Techs., Inc*., No. 06-cv-349, 2006 U.S. Dist. LEXIS

7  85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

8  Under the PSLRA, damages are calculated based on (i) the difference

9  between the purchase price paid for the shares and the average trading price of the

10  shares during the 90 day period beginning on the date the information correcting

11  the misstatement was disseminated, or (ii) the difference between the purchase

12  price paid for the shares and the average trading price of the shares between the

13  date when the misstatement was corrected and the date on which the plaintiff sold

14  their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C.

15  § 78u-4(e).

16  During the Class Period, Movant purchased CD Projekt securities in reliance

17  upon the materially false and misleading statements issued by defendants, and was

18  injured thereby. During the Class Period, Movant: (1) purchased 3,200 shares of

19  CD Projekt stock; (2) expended $92,821.09 on her purchases of CD Projekt

20  securities; (3) retained 3,200 shares of CD Projekt securities through the end of the

21  Class Period; and (4) suffered a substantial loss of $33,709.64 in connection with

22  her purchases of CD Projekt securities. *See* Apton Decl. Ex. B. Movant thus has a

23  significant financial interest in the outcome of this case. To the best of her

24  knowledge, there are no other applicants who have sought, or are seeking,

25  appointment as lead plaintiff that have a larger financial interest and also satisfy

26  Rule 23.

27

28

**C.**   **Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp*., 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig*., 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) she suffered the same injuries as the absent class members; (ii) she suffered as a result of the same course of conduct by Defendants; and (iii) her claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other Class members, acquired CD Projekt securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, her claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and her losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses she has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the Class members, demonstrates that she will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for 4 years. *See* Apton Decl., Ex. A. She resides in San Marino, California, and possesses a Bachelor's Degree in Literature. *Id.*

1   Movant is Co-President and owner at JM Alliance, Inc., an IT consulting company.

2   *Id.* Accordingly, Movant meets the adequacy requirement of Rule 23.

3       **D.    APPROVING MOVANT'S CHOICE OF COUNSEL IS**

4            **APPROPRIATE**

5       The PSLRA vests authority in the lead plaintiff to select and retain lead

6   counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court

7   should interfere with the lead plaintiff's selection of counsel only when necessary

8   "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

9       Movant has selected and retained Levi & Korsinsky as the proposed Lead

10  Counsel for the Class. The members of Levi & Korsinsky have extensive

11  experience in successfully prosecuting complex securities class actions such as this

12  one, are well-qualified to represent the Class, and have worked numerous times to

13  achieve favorable settlements on behalf of shareholders. *See* Apton Decl. Ex. D

14  (Levi & Korsinsky's firm resume, respectively). *See also e.g., Daniels Family*

15  *2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5,

16  2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive

17  experience in complex securities class actions"); *White Pine Invs. v. CVR*

18  *Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi

19  & Korsinsky noting "the firm has 'extensive experience' in this area of law and is

20  sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox,*

21  *Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v.*

22  *American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-

23  EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, this Court may be assured that

24  in the event that Movant's Motion is granted, the members of the Class will receive

25  the highest caliber of legal representation.

26  **IV.   CONCLUSION**

27      For the foregoing reasons, Movant respectfully requests that the Court grant

28  her Motion and enter an order: (1) consolidating the Actions; (2) appointing

Movant as Lead Plaintiff; and (3) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: February 22, 2021                    Respectfully submitted,

                                            **LEVI & KORSINSKY, LLP**

                                            /s/ *Adam M. Apton*
                                            Adam M. Apton (SBN 316506)
                                            Adam C. McCall (SBN 302130)
                                            445 South Figueroa Street, 31st Floor
                                            Los Angeles, CA 90071
                                            Tel: (213) 985-7290
                                            Email: aapton@zlk.com
                                            Email: amccall@zlk.com

                                            *Proposed Lead Counsel for Movant*

**CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On February 22, 2021, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LILI MA FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 22, 2021.

*/s/ Adam M. Apton*
Adam M. Apton