Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Movant and [Proposed]
Lead Counsel for the Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TRAMPE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CD PROJEKT S.A., ADAM MICHAL KICINSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI,<br><br>Defendants. | Case No. 2:20-cv-11627-FMO-RAO<br><br>**MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Fernando M. Olguin<br>Hearing Date: April 8, 2021<br>Time: 10:00 a.m.<br>CTRM: 6D – First Street Courthouse |

[Additional caption on next page]

1
MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING
LEAD PLAINTIFF MOTIONS – Case No. 2:20-cv-11627-FMO-RAO

| | |
|---|---|
| RIVER HAIN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CD PROJEKT S.A., ADAM MICHAL KICINSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI, <br><br> Defendants. | Case No. 2:21-cv-00354-CJC-JEM <br><br> CLASS ACTION <br><br> JUDGE: Cormac J. Carney |

Lead Plaintiff Movant James W. Gordley ("Movant" or "Mr. Gordley") respectfully submits this opposition to the competing lead plaintiff motions. Dkt. No. 17.[1]

**BACKGROUND**

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).

---

[1] On March 15, 2021, Mark Loftus and the Patricia M. Loftus Trust uad 8/13/99 filed a notice of non-opposition to the competing motions noting "it appears that Loftus and the Trust do not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." Dkt. No. 25. On March 18, 2021, James Khoury filed a notice of non-opposition to the competing motions noting "it appears that Mr. Khoury does not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA." Dkt. No. 28.

2

MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING
LEAD PLAINTIFF MOTIONS – Case No. 2:20-cv-11627-FMO-RAO

Mr. Gordley has triggered the PSLRA's "most adequate plaintiff" presumption. <u>First</u>, Mr. Gordley has the largest financial interest in this litigation as he has the largest losses of all the movants. *See* Dkt. Nos. 15-3 and 17-4.

| Movant | Loss | |
|---|---|---|
| 1. James W. Gordley | $98,598 | Dkt. No. 15-3 |
| 2. Lili Ma | $33,709 | Dkt. No. 17-4 |

<u>Second</u>, as set forth in Mr. Gordley's opening papers, he has made a *prima facie* showing of adequacy and typicality under Rule 23. *See* Dkt. Nos. 14 and 15-2. Further, Mr. Gordley is a sophisticated private investor with over 8 years of investing experience. Dkt. No. 14 at 8.

<u>Finally</u>, the presumption that Mr. Gordley is the "most adequate plaintiff" — *i.e.* the presumptive lead plaintiff — "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Because the remaining competing movant can offer no proof to rebut the presumption in favor of Mr. Gordley, the Court should grant Movant's motion in its entirety and deny the competing lead plaintiff motions.

## ARGUMENT

### I. MR. GORDLEY SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in

3

MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – Case No. 2:20-cv-11627-FMO-RAO

original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that Mr. Gordley is the presumptive Lead Plaintiff and the Court should grant Movant's motion.

Mr. Gordley has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Gordley has the largest losses of any movant before the Court. *See* Dkt. Nos. 15-3 and 17-4. Indeed, Mr. Gordley has over double the losses of the remaining movant. *See Id.* Therefore, Mr. Gordley has the largest financial interest. *See Id.*

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, Mr. Gordley alleges that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") by publicly disseminating false and misleading statements about CD Projekt S.A. ("CD Projekt") business. Mr. Gordley purchased CD Projekt securities at artificially inflated prices and was damaged thereby. These claims are also premised on the

4

same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). Mr. Gordley has demonstrated his adequacy as class representative by submitting a sworn certification affirming his willingness to serve as, and carry out the responsibilities of, class representative. Dkt. No. 15-2. Based on his financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Mr. Gordley has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## II. MR. GORDLEY'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

5

MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – Case No. 2:20-cv-11627-FMO-RAO

Here, Mr. Gordley has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. Nos. 14 at 8; 15-4. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors – $438,340,000 – and the number of settlements – 12.[2] Founding partner Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## III. THE COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.

[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

6

MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – Case No. 2:20-cv-11627-FMO-RAO

## **CONCLUSION**

For the foregoing reasons, Mr. Gordley's motion should be granted in its entirety and competing motions should be denied.

Dated: March 18, 2021	Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

7

MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – Case No. 2:20-cv-11627-FMO-RAO

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On March 18, 2021, I electronically filed the following **MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 18, 2021.

/s/ Laurence Rosen
Laurence M. Rosen

8

MEMORANDUM OF LAW OF JAMES W. GORDLEY IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – Case No. 2:20-cv-11627-FMO-RAO