# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TRAMPE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CD PROJEKT S.A., et al,<br><br>Defendants. | Case No. CV 20-11627 FMO (RAOx)<br>Case No. CV 21-0354 FMO (RAOx)<br><br>**ORDER RE: MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS; APPOINTMENT OF LEAD PLAINTIFF; AND APPROVAL OF SELECTION OF COUNSEL** |

The court has reviewed and considered all the briefing filed with respect to four motions for consolidation, appointment of lead plaintiff, and approval of selection of counsel filed by: (1) James Khoury ("Khoury"); (2) James W. Gordley ("Gordley"); (3) Lili Ma ("Ma"); and (4) Mark Loftus and Patricia M. Loftus Trust u.a.d. 8/13/99 (the "Loftus Movants"), (Dkts. 9, 13, 17 & 20),[1] and concludes that oral argument is not necessary to resolve the motions. See Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

This case concerns two putative securities class actions filed by plaintiff Andrew Trampe, Case No. CV 20-11627 ("Trampe Complaint"), and by plaintiff River Hain, Case No. CV 21-0354 ("Hain Complaint"). The Complaints in both actions are nearly identical. (Compare Trampe Complaint at ¶¶ 7-59 with Hain Complaint at ¶¶ 7-59).

---

[1] All "Dkt." references refer to the docket in Trampe v. CD Projekt S.A., et al., Case No. CV 20-11627.

On February 22, 2021, four motions were filed to consolidate the actions, appoint lead plaintiff, and approve the selection of counsel. The first motion was filed by James Khoury. (See Dkt. 9, Motion of James Khoury for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel). The second motion was filed by James W. Gordley. (See Dkt. 13, Motion of James W. Gordley to Consolidate Related Actions, for Appointment as Lead Plaintiff and Approval of Choice of Counsel ("Gordley Mot.")). The third motion was filed by Lili Ma. (See Dkt. 17, Motion of Lili Ma for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel). The fourth motion was filed by Mark Loftus and Patricia M. Loftus Trust u.a.d. 8/13/99. (See Dkt. 20, Motion of Mark Loftus and Patricia M. Loftus Trust u.a.d. 8/13/199 for Consolidation, Appointment of Co-Lead Plaintiffs, and Approval of Counsel). Following the filing of the four motions, the Loftus Movants, Khoury, and Ma each filed a notice of non-opposition with respect to the appointment of Gordley as lead plaintiff. (See Dkt. 25, Notice of Non-Opposition of [the Loftus Movants] at 1); (Dkt. 28, Notice of James Khoury's Non-Opposition [ ] at 1); (Dkt. 30, Notice of Non-Opposition of Lili Ma [ ] at 2).

**DISCUSSION**

I.     CONSOLIDATION OF THE ACTIONS.

The Private Securities Litigation Reform Act ("PSLRA") provides that the court's inquiry must begin by considering whether the putative securities class actions should be consolidated. See 15 U.S.C. § 78u-4(a)(3)(B)(ii) (If "any party has sought to consolidate [related] actions for pretrial purposes or for trial, the court shall not make the determination [appointing lead plaintiff] until after the decision on the motion to consolidate is rendered."); Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]"). The court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir.1984). "A district court generally has 'broad' discretion to consolidate actions[.]" Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008).

Here, no party opposes consolidation. (See Dkt. 35, Notice of Non-Opposition to the [Gordley Mot.] at 2-3); (Dkt. 26, Defendants' Statement of Non-Opposition to Pending Motions for

Consolidation [ ] at 2). Nor could they, as the Trampe Complaint and the Hain Complaint involve identical parties, identical claims for relief, and identical allegations regarding defendants' allegedly false and misleading statements or omissions regarding technical issues with defendant CD Projekt S.A.'s ("CDP") video game Cyberpunk 2077. (Compare Trampe Complaint with Hain Complaint). Consolidating the matters would save time and effort and would result in little, if any, inconvenience, delay, or expense. Thus, the court will consolidate Case Nos. CV 20-11627 and CV 21-0354.

II.  APPOINTMENT OF LEAD PLAINTIFF.

The court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a three-step process for determining who should be appointed as lead plaintiff. See In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." Id. (citing 15 U.S.C. § 78u-4(a)(3)(A)).

The second requires the court to "adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that – (aa) has either filed the complaint or made a motion in response to a notice [not later than 60 days after the date on which the notice is published]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."[2] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); see Cavanaugh, 306 F.3d at 730. The PSLRA presumes that the person or group suffering the largest financial loss has the greatest incentive to recoup that loss, thus "ensuring vigorous advocacy" for the class as a whole. See Tanne v. Autobytel, Inc., 226 F.R.D. 659, 668 (C.D. Cal. 2005). During the second step, "all that is required is a 'preliminary showing' that the lead plaintiff group will satisfy the 'typicality' and 'adequacy' requirements" of Rule 23 of the Federal Rules of Civil Procedure. Erikson v.

---

[2] Unless otherwise indicated, all Rule references are to the Federal Rules of Civil Procedure.

Cornerstone Propane Partners LP, 2003 WL 22232387, *3 (N.D. Cal. 2003); Puente v. Chinacast Educ. Corp., 2012 WL 3731822, *3 (C.D. Cal. 2012) (same).  Typicality requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]"  Fed. R. Civ. P. 23(a)(3).  The purpose of this requirement "is to assure that the interest of the named representative aligns with the interests of the class."  Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1175 (9th Cir. 2010) (internal quotation marks omitted).  "The requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical."  Just Film, Inc. v. Buono, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotation marks omitted).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  Wolin, 617 F.3d at 1175 (internal quotation marks omitted).

Rule 23(a)(4) permits certification of a class action if "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The Ninth Circuit uses a two-prong test to determine whether the representative parties meet this standard:  "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  Ellis v. Costco Wholesale Corp., 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation marks omitted).  "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees."  Id.  The adequacy of counsel is also considered under Rule 23(g).

After the second step identifies a presumptively adequate plaintiff, the third step gives members of the proposed class an opportunity to rebut that presumption.  That presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); see Cavanaugh, 306 F.3d at 730.

     A.     <u>Publication of the Pendency of the Actions</u>.

Here, the first step has been satisfied as the pendency of the action was published in Business Wire on December 24, 2020.  (<u>See</u>, <u>e.g</u>, Dkt. 15-1, Exh. 1 to Declaration of Laurence M. Rosen in Support of [Gordley Mot.]) (December 24, 2020, Business Wire Press Release).

     B.     <u>Presumptive Lead Plaintiff</u>.

Turning to the second step, Gordley filed his motion seeking to be appointed lead plaintiff on February 22, 2021, which is within the 60-day period prescribed by the PSLRA.  (<u>See</u> Dkt. 13, Gordley Mot.); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  In addition, the other plaintiffs all agree that Gordley has the largest financial interest and greatest incentive to vigorously advocate for the class as a whole.  (<u>See</u> Dkt. 25, Notice of Non-Opposition of [the Loftus Movants] at 1); (Dkt. 28, Notice of James Khoury's Non-Opposition [ ] at 1); (Dkt. 30, Notice of Non-Opposition of Lili Ma [ ] at 2).

As to the Rule 23 requirements, the court is persuaded that Gordley's claims are "co-extensive" with those of the absent class members.  (<u>See</u> Trampe Complaint at ¶¶ 18-34); (Dkt. 14, Memorandum of Points and Authorities in Support of [Gordley Mot.] at 7) (stating that Gordley, like the proposed class, purchased CDP stock and suffered damages as a result of defendants' false or misleading statements or omissions); <u>see also</u> <u>Just Film</u>, 847 F.3d at 1116 ("The requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.").  Also, there is no indication that Gordley has interests that are antagonistic to the class, that Gordley is subject to unique defenses, or that Gordley's counsel, The Rosen Law Firm, P.A., are not well-suited to prosecute the action.  (<u>See</u>, <u>generally</u>, Dkt. 25, Notice of Non-Opposition of [the Loftus Movants]); (Dkt. 28, Notice of James Khoury's Non-Opposition [ ]); (Dkt. 30, Notice of Non-Opposition of Lili Ma [ ]); <u>see also</u> 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) (lead plaintiff lacks adequacy if he is "subject to unique defenses"); <u>Tanne</u>, 226 F.R.D. at 667 ("In evaluating whether a class representative is adequate, courts assess whether he has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications.").

     C.     <u>Rebutting the Appointment of the Presumptive Lead Plaintiff</u>.

No proof has been submitted that Gordley "will not fairly and adequately protect the interests of the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Indeed, none of the other plaintiffs oppose the appointment of Gordley as the lead plaintiff. (See Dkt. 25, Notice of Non-Opposition of [the Loftus Movants] at 1); (Dkt. 28, Notice of James Khoury's Non-Opposition [ ] at 1); (Dkt. 30, Notice of Non-Opposition of Lili Ma [ ] at 2).

III.   SELECTION OF LEAD COUNSEL.

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." Cavanaugh, 306 F.3d at 734. "Selecting a lawyer in whom a litigant has confidence is an important client prerogative and [courts] will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs." Id. "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir. 2009). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712.

Here, Gordley has selected The Rosen Law Firm, P.A. as his counsel for the class. The court has reviewed the resume of counsel, (see Dkt. 15-4, Exh. 4 to Declaration of Laurence M. Rosen in Support of [Gordley Mot.]) (Firm Resume), and is satisfied that Gordley has made a reasonable choice of counsel and will defer to that choice.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS SO ORDERED that:

1. James W. Gordley's Motion to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel **(Document No. 13)** is **granted**. The motions filed by James Khoury, Lili Ma, and Mark Loftus and Patricia M. Loftus Trust u.a.d. 8/13/99 **(Document Nos. 9, 17, 20)** are **granted** as to the request to consolidate the actions and **denied** in all other

6

respects.

2. <u>Trampe v. CD Projekt S.A., et al</u>, Case No. CV 20-11627 FMO (RAOx) and <u>Hain v. CD Projekt S.A., et al</u>, Case No. CV 21-0354 FMO (RAOx) are consolidated for all purposes. The Clerk shall consolidate these actions such that Case No. CV 20-11627 FMO (RAOx) shall be the lead case. All future filings shall be filed in Case No. CV 20-11627 FMO (RAOx) until further notice from the court. The Clerk shall administratively close Case No. CV 21-0354 FMO (RAOx) pending further order of the court.

3. James W. Gordley is hereby appointed as lead plaintiff for the proposed class.

4. James W. Gordley's choice of counsel is approved, and accordingly, The Rosen Law Firm, P.A. is hereby appointed lead counsel for the proposed class.

5. James W. Gordley shall file a Consolidated First Amended Complaint by no later than **May 28, 2021**.

Dated this 14th day of May, 2021.

/s/
Fernando M. Olguin
United States District Judge