COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
MATTHEW D. MARTINEZ (333932)
(mmartinez@cooley.com)
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:  (858) 550 6000
Facsimile:   (858) 550-6420

JULIE M. VEROFF (310161)
(jveroff@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants
CD Projekt S.A., Adam Michał Kiciński,
Marcin Iwiński, Piotr Marcin Nielubowicz, and
Michał Nowakowski

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TRAMPE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CD PROJEKT S.A., ADAM MICHAL KICINSKI, MARCIN IWINSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI,<br><br>Defendants. | Case No. CV 20-11627 FMO (RAOx)<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>Date: November 18, 2021<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin<br><br>**Oral Argument Requested** |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS CAC
CASE NO. CV 20-11627 FMO (RAOX)

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants CD Projekt S.A. ("CD Projekt" or the "Company"), Adam Michał Kiciński, Marcin Iwiński, Piotr Marcin Nielubowicz, and Michał Nowakowski (collectively, "Defendants"), hereby request that the Court consider the documents listed below, submitted in support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Motion to Dismiss") and attached to the accompanying Declaration of Julie M. Veroff ("Veroff Declaration").

**Documents Subject to This Request**[1]

| Ex.[2] | Description | ¶[3] |
|---|---|---|
| A | CD Projekt's Polish Court Register entered with the Central Information Department of the Polish Court Register on Sept. 26, 2017 | N/A |
| B | CD Projekt's consolidated Articles of Association issued on Dec. 8, 2015 | N/A |
| C | Investopedia article, *What Is OTC Pink?* updated on Dec. 29, 2020 | N/A |
| D | Frequently Asked Questions page on F Shares published by OTC Markets | N/A |
| E | U.S. Securities and Exchange Commission ("SEC") investor bulletin regarding ADRs published in Aug. 2012 | N/A |
| F | The Bank of New York Mellon's Form F-6 filed with the SEC on Nov. 19, 2020 | N/A |
| G | Deutsche Bank's Form F-6 filed with the SEC on Feb. 21, 2020 | N/A |

---

[1] For the Court's convenience, attached to the accompanying Veroff Declaration are true and correct highlighted (and in some cases, excerpted) copies of each exhibit.
[2] "Ex. _" refers to the exhibits to the Veroff Declaration.
[3] "¶ _" refers to the paragraphs of the Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("CAC") that quote from, or refer to information contained in, the referenced document.

| Ex. | Description | ¶ |
|---|---|---|
| H | Citibank's Form F-6 filed with the SEC on Sept. 16, 2019 | N/A |
| I | Transcript of CD Projekt's H1 2020 Financial Results audio webcast held on Sep. 4, 2020 | 41 |
| J | CD Projekt's Management Board Report issued on April 8, 2020 | 40 |
| K | Transcript of CD Projekt's audio webcast held on Apr. 23, 2021 | 58 |
| L | CD Projekt's Management Board Report issued on Apr. 8, 2021 | N/A |
| M | CD Projekt's press release, "*Cyberpunk 2077—release date, pre-orders, new trailer!*" and published on June 9, 2019 | N/A |
| N | CD Projekt's press release, *New release date of Cyberpunk 2077*" published on Jan. 16, 2020 | 30 |
| O | Transcript of CD Projekt's conference call held on Jan. 16, 2020 | 30 |
| P | CD Projekt's press release, "*Postponement of Cyberpunk 2077 release*" published on June 18, 2020 | 31 |
| Q | Transcript of CD Projekt's conference call held on June 18, 2020 | 31 |
| R | CD Projekt's Q3 FY2020 Consolidated Financial Statement issued on Nov. 25, 2020 | N/A |
| S | CD Projekt's press release, "*Postponement of Cyberpunk 2077 release*" published on Oct. 27, 2020 | 32 |
| T | Transcript of CD Projekt's conference call held on Oct. 28, 2020 | 42–43 |
| U | CD Projekt's press release, "*CD Projekt looks back at the third quarter of 2020*" published on Nov. 25, 2020 | 44 |

| Ex. | Description | ¶ |
|---|---|---|
| V | Transcript of CD Projekt's audio webcast held on Nov. 30, 2020 | 45–46 |
| W | Transcript of CD Projekt's conference call held on Dec. 14, 2020 | 50–51 |
| X | CD Projekt Yahoo! stock price chart for period of Dec. 10–Dec. 31, 2020 | N/A |
| Y | CD Projekt's H1 2020 earnings presentation given on Sept. 4, 2020 | 41 |
| Z | CD Projekt's Q3 2020 earnings presentation given on Nov. 25, 2020 | N/A |
| AA | Bloomberg article, "*Cyberpunk 2077: What Caused the Video Game's Disastrous Rollout*" published on Jan. 16, 2021 | 34–37 |
| BB | Forbes article, "*CDPR Made Its Own 'Cyberpunk2077' Internal Bug Meme Reel Ahead of Launch*" published on June 6, 2021 | 38 |
| CC | CD Projekt's press release, "*CD Projekt looks back at 2020*" published on Apr. 22, 2021 | N/A |

## I. ARGUMENT

When considering motions to dismiss in securities class actions, "courts *must* consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For the reasons discussed below, **Exhibits A–CC** attached to the Veroff Declaration are properly considered in deciding Defendants' Motion to Dismiss under both the incorporation by reference doctrine and Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available and accurate information that is not subject to reasonable dispute.

### A. Exhibits I–K, N–Q, S–W, Y, AA, and BB are Incorporated by Reference

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (emphasis added) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Here, Plaintiffs explicitly and repeatedly refer to **Exhibits I–K, N–Q, S–W, Y, AA, and BB** to support their claims. Indeed, many of the statements Plaintiffs challenge are excerpts taken from these exhibits. It is, therefore, particularly critical that the Court consider **Exhibits I–K, N–Q, S–W, Y, AA, and BB** in their entirety when ruling on the Motion to Dismiss because the alleged misstatements "must be analyzed in context," *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996) (citation omitted), to ensure that Plaintiffs are not able to "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002.

### B. The Court May Take Judicial Notice of Exhibits A–CC

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4

REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS CAC
CASE NO. CV 20-11627 FMO (RAOx)

816, 820–21 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Courts may take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss).

In securities class actions, courts routinely take judicial notice of SEC filings, news articles, conference call transcripts, press releases, SEC investor bulletins, corporate disclosure documents, historical stock prices, and other public documents to establish what information was in the public realm and when.  *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (press releases and conference call transcripts); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1061 (C.D. Cal. 2012) (SEC investor bulletins); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *11 (C.D. Cal. Jan. 12, 2012) (publicly available corporate disclosure documents); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (historical stock prices); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (news articles, presentations, and conference calls with analysts).

Here, each exhibit to the Veroff Declaration falls within one or more of these categories routinely considered the proper subject of judicial notice: (1) SEC filings (**Exhibits F–H**); (2) news articles (**Exhibits C, D, AA, BB**); (3) conference call transcripts, corporate presentations, and press releases (**Exhibits I–W, Y, Z, CC**); (4) SEC investor bulletins (**Exhibit E**); (5) publicly available corporate disclosure documents (**Exhibits A–B**), and (6) historical stock prices (**Exhibit X**).  As such,

their existence and contents can be immediately verified. The Court should therefore take judicial notice of **Exhibits A–CC** to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Premier Growth Fund v. Alliance Cap. Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)).

      **C.**    **The Court May Take Judicial Notice of Publicly Available Information (Exhibits A–CC)**

Courts may take judicial notice of "information that was publicly available to reasonable investors at the time the defendant made statements plaintiffs alleged were fraudulent." *See In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020). In addition to being judicially noticeable under the incorporation by reference doctrine or as documents filed with the SEC, news articles, transcripts of conference calls/corporate presentations, press releases, SEC investor bulletins, corporate disclosure documents, or historical stock prices, **Exhibits A–CC** are documents available to reasonable investors during the relevant time period and are therefore judicially noticeable.

**II.**    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits A–CC** under the incorporation by reference doctrine and/or take judicial notice of those exhibits to establish what information was in the public realm and when.[4]

---

[4] Documents cited in support of Defendants' argument in the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) may be separately considered without being incorporated by reference or the subject of judicial notice. *See Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) ("When adjudicating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2), a court may consider extrinsic evidence—that is, materials outside of the

Dated:   August 12, 2021            COOLEY LLP

By: */s/ Koji F. Fukumura*
       Koji F. Fukumura

Attorneys for Defendants
CD Projekt S.A., Adam Michał Kiciński, Marcin Iwiński, Piotr Marcin Nielubowicz, and Michał Nowakowski

pleadings, including affidavits submitted by the parties.")  Here, the Court may consider **Exhibits A–H** on these grounds.