# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11627 FMO (RAOx) | Date | December 7, 2021 |
|---|---|---|---|
| Title | Andrew Trampe v. CD Projekt S.A., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):    Attorney Present for Defendant(s):

None Present    None Present

**Proceedings:**   (In Chambers) Order Re: Notice of Settlement and Requirements Re: Preliminary Approval

Having reviewed the parties' Stipulation providing notice of settlement (Dkt. 57), filed on November 29, 2021, IT IS ORDERED THAT:

1. All pending motions and deadlines are hereby vacated.

2. Plaintiffs shall file a Motion for Class Certification and Preliminary Approval of Settlement Agreement ("Motion") no later than **January 13, 2022**. Defendants are encouraged to also file a brief in support of the motion for preliminary approval.

3. Plaintiffs are advised that the court will not grant the Motion unless it includes a discussion of the Rule 23(e) of the Federal Rules of Civil Procedure requirements, including but not limited to evidentiary support, where appropriate, regarding the following issues:

(A) All class certification requirements, including (i) declarations from proposed class representatives as to the adequacy of their representation of the class; and (ii) any differences between the settlement class and the class proposed in the operative complaint (if the class has already been certified, the difference between the settlement class and the previously certified class), and an explanation as to why the differences are appropriate.

(B) Whether the settlement is within a range of possible judicial approval, including

(i) the fairness of its terms;

(ii) the anticipated class recovery under the settlement;

(iii) the potential class recovery if plaintiffs had fully prevailed on each of the claims that are the subject of the settlement; and

(iv) an explanation of the factors bearing on the amount of the compromise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11627 FMO (RAOx) | Date | December 7, 2021 |
|---|---|---|---|
| Title | Andrew Trampe v. CD Projekt S.A., et al. | | |

(C)  The proposed allocation plan for the settlement fund.

(D) The arms-length negotiation of the settlement discussion(s), including whether, and to what extent, the proposed class representatives were involved in the negotiation(s).

(E)  Incentive payments and the standard set forth in Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157 (9th Cir. 2013), including declarations from the proposed class representative regarding (i) the time, risk, and burden incurred by the class representative(s), and the assistance he or she provided to class counsel throughout the case; and (ii) whether the incentive payment is conditioned on the class representative's approval of the settlement.

(F)  If the settlement contemplates a cy pres award, the parties shall identify the proposed cy pres recipient, and explain how the recipient's mission or goals are related to the interests of the class members.  The parties shall also identify any relationship they or their counsel have with the proposed cy pres recipient.

(G)  Adequacy of the class notice, including whether and how it fairly apprises the putative class members of the terms of the proposed settlement, and of the options available to them in connection with the settlement and court proceedings:

    (i)  Class members should be instructed to submit their written objections directly to the court, since they will thereafter be available to the parties on the case docket once the objections are filed by the clerk of the court.

    (ii)  In order to ease the burden on class members in exercising their rights under the proposed settlement, the court prefers that the settlement provide for submission of an opt-out or exclusion form, to be provided to class members by the settlement administrator.

(H)  How the settlement will be administered, including the proposed amount and cap to be paid to the settlement administrator;

(I)  The parties shall carefully evaluate the scope of the release of claims.  With respect to absent class members, the court is not inclined to approve broad releases and waivers pursuant to California Civil Code § 1542.  Counsel shall address any differences between the claims to be released and the claims in the operative complaint, (if the class has already been certified, the difference between the claims to be released and those certified for class treatment) and an explanation as to why the differences are appropriate in the instant case.

(J)  The parties shall address whether notice under the Class Action Fairness Act ("CAFA") is required and, if so, when it will be given.  In addition, the parties should address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11627 FMO (RAOx) | Date | December 7, 2021 |
|---|---|---|---|
| Title | Andrew Trampe v. CD Projekt S.A., et al. | | |

substantive compliance with CAFA.  For example, if the settlement includes coupons, the parties should explain how the settlement complies with 28 U.S.C. § 1712.

    4.  Failure to file the motion for preliminary approval by the deadline set by the court shall result in dismissal of the case for failure to prosecute and/or to comply with a court order.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |