UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

- - -

HONORABLE FERNANDO M. OLGUIN, DISTRICT JUDGE PRESIDING

| | |
|---|---|
| ANDREW TRAMPE,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br><br>CD PROJEKT S.A., et al.,<br><br>　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) No. CV 20-11627-FMO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

*HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT*

LOS ANGELES, CALIFORNIA

THURSDAY, APRIL 7, 2022

_____

MARIA R. BUSTILLOS
OFFICIAL COURT REPORTER
C.S.R. 12254
UNITED STATES COURTHOUSE
350 WEST 1ST STREET
SUITE 4455
LOS ANGELES, CALIFORNIA 90012
(213) 894-2739

UNITED STATES DISTRICT COURT

2

**A P P E A R A N C E S**


**ON BEHALF OF THE PLAINTIFFS,**
**ANDREW TRAMPE:**                    ROSEN LAW FIRM PA
                                      BY:  JONATHAN STERN, ESQ.
                                      275 MADISON AVENUE
                                      34TH FLOOR
                                      NEW YORK, NY 10016
                                      (212)686-1060


**ON BEHALF OF THE DEFENDANTS,**
**CD PROJEKT S.A., et al.:**          COOLEY, LLP
                                      BY:  MATTHEW D. MARTINEZ,
                                      ESQ.
                                      4401 EASTGATE MALL
                                      SAN DIEGO, CA 92121
                                      (858)550-6000

**I N D E X**

PAGE

HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT:                                                                    4

LOS ANGELES, CALIFORNIA; THURSDAY, APRIL 7, 2022
                          -oOo-
              (COURT IN SESSION AT 10:06 A.M.)
          THE COURTROOM DEPUTY:  Calling case number CV 20-11627-FMO:  *Andrew Trampe v. CD Projekt, et al.*

          Counsel, please state your appearance.

          MR. STERN:  Jonathan Stern of the Rosen Law firm for the plaintiffs.

          MR. MARTINEZ:  And, Your Honor, Matt Martinez of Cooley, LLP for the defendants, CD Projekt and certain of the officers in the company.

          THE COURT:  Okay.  So we're here for a preliminary approval.  I've looked at everything, and I have some concerns I would like to discuss with you at this point.  I think these are all issues that can be dealt with and -- and we can eventually grant preliminary approval, but I'm not prepared to do that at this time.  So I do want you to know that I -- I do prepare my own orders granting preliminary approval, as well as for final approval.  Your proposed order includes a lot of information that is not in your motion and is not supported by a declaration or other documents.  If you want me to consider that information and enter an order giving it effect, you need to include it in a supplemental declaration and/or the relevant form if you're asking the Court to approve.  I definitely carry you to review my past orders, granting preliminary approval and securities class actions.

For example, your proposed order appears to include the most detailed information about your notice plan. Please include this information in your declaration from your settlement administrator, explaining in more detail the proposed notice plan. Please review your forms for accuracy before submitting the revised forms, for example, the long notice list, the wrong courthouse for the final approval hearing. I'd like you also to clarify the average recovery per damage share. The long notice initially states that the approximate recovery after deduction of attorney's fees and expenses approved by the Court is an average of $0.60 cents per damaged share of CD Projekt securities, two paragraphs down -- further down the form, the settlement represents at an estimated average recovery of $0.40 per damaged share of the -- of the CD project securities.

So I don't know if -- that's probably a typo, or if you have an explanation for that now, you can give it to me now, but I suspect it's a typo.

MR. STERN: Um, I can double-check on that, Your Honor. I suspect it is a typo, but I'll double-check.

THE COURT: I think most of the briefing says $0.60, cents is what I recall. So....

So another concern I have is the 1542 waiver, just generally the release. As you know, I don't normally allow those waivers, unless there's special circumstances. Can you

6

explain why you need it here, other than the fact that your client wants it, because that's not good enough.

MR. MARTINEZ:  Yes, Your Honor.  And we have read some of your past, you know, transcripts, and we understand your position on that, Your Honor.

THE COURT:  Yeah.

MR. MARTINEZ:  We feel it's -- it's justified here, simply because it's -- you know, the protection that it gives for a -- you know, a shareholder later down the road claiming that there's facts that they weren't aware of in trying to bring a claim that was clearly intended to be released here, and I think what makes it a little different in this case is that the equity related to securities at issue here are not actual shares that the company traded on the war stocks exchange.  They are just that, equity-related, securities that are issued by U.S. banks without, you know, any sanction by our client.  So that is the concern that it's -- you know, they will in perpetuity be subject to these claims from securities that they didn't even issue.  And, you know, we think that -- and I also read some of your transcripts -- and I think you'll probably get to this in a second -- the scope of the release, you know, being related to the -- the issues in the case itself -- and we can discuss that in a second -- but I think that the -- the 1542 waiver in this case, if we amend some of the language to be more in line with what I'm

assuming you're going to ask for --

THE COURT:  Yeah.

MR. MARTINEZ:  -- will be sufficient to -- to allow that 1542 waiver and also the -- you know, any potential plaintiffs are going to have sufficient time --

THE COURT:  I think so.  I mean, I think if you narrow the waiver by specifying what allegations, facts and transactions and events are covered, why don't you look at a couple of examples of what I've done in the case.  Look at the *Bozarth* case.  Are you familiar with that case that I've done?

MR. MARTINEZ:  I'm not.  I've looked --

THE COURT:  It's 17-1935 or the *Ahmed* case which is 15-2057.

And if you can tailor the language in a way similar to the way it was done in that case, I might be willing to -- to go along with it.

The biggest problem I have with your release though is the paragraph -- the separate provision on unknown claims. I think it's unnecessary.  I think it's confusing.  Your regular release covers it all.  It just -- it does.  It's all the allegat- based -- any claim known or unknown based on the allegations in the complaint, period, that's all you need to put.

So you -- that to me, is a nonstarter.  So if you leave the unknown claims provision in, I'm denying it, period.  That's just a nonstarter.  So the others I'll work with you on, but I'm not on that one.

MR. MARTINEZ:  Your Honor, just one quick question about that....

THE COURT:  Yeah.

MR. MARTINEZ:  I understand.  And, you know, you're referring to paragraph I think 1.40.  When you say, you know, the unknown claims is a nonstarter, do you mean to say that if we were to -- if we were to reword it -- and we'll work with plaintiff's counsel for this --

THE COURT:  Yeah.

MR. MARTINEZ:  -- but if we were to reword it to say like, no to unknown claims, arising out of a related --

THE COURT:  That would be fine --

MR. MARTINEZ:  That's fine.

THE COURT:  -- as far as that goes.  But you have this separate paragraph that it just like boggles the mind as far as that.  It's like, so what you do mean by this whole, you know -- but, yeah, I just don't want to confuse the class members.  And I just want to make it very clear.  And -- and yeah, I understand that the release will cover unknown claims, but that particular paragraph just really troubled me.  It's -- I've never seen anything quite like that before.

UNITED STATES DISTRICT COURT

So -- but yeah, take that one out and then work in the principal that you're trying to get there, which is any unknown claim, based on the allegations in the complaint. You've -- you've released those by agreeing to the settlement. So the -- and then the next point is that the motion states that the maximum estimated damages is 11.02 million, but there's no analysis in the briefing to support it or the other explanation of -- from where the number comes from. Given recent Ninth Circuit authority, I do think more is needed. There's one case, granted it applied to in the value of injunctive relief, but in the *Kim* case from the Ninth Circuit, they criticized the district court for accepting class counsel's unsupported representation regarding the value with the injunctive relief. Honestly, I just think you need to provide -- plaintiffs need to provide a declaration from a damages expert to support their calculations and their figures.

Regarding the opt-out procedure for settlement class members, the Court's order regarding preliminary approval requirements explains that the Court prefers that the settlement provide for submission of an opt-out or exclusion form, but the proposed class notice directed the class members to mail a letter containing various information. You can certainly ask for that information, but I think you should provide the form for people to opt out.

So -- and I just want to make it easier for class members to -- to exercise their rights and a form is easier.  It's also easier for the docket, because usually the opt-out forms and objections, I typically have at least objections sent directly to the court, because once we put it on the docket, it gets sent to everybody and -- rather than having them go through settlement the settlement administrator.  It doesn't mean they can't send it to the settlement administrator, but every case is different.  I've also done it a few times where they go to the settlement administrator.  I feel more comfortable having any objections coming here to the court, as well as -- and the opt-outs going to the settlement administrator to keep track of those.  Also, I don't know....

Do you ever -- I don't know if you guys ever do this, but here is the one sort of downside with the form, is that -- and probably not in a security's case but in other class actions, but many times people opt out of cases inadvertently.  They don't really intend to opt out, but they see it's a form and they fill it out and send it in.  And I certainly -- I don't think there's anything preventing, especially plaintiff's counsel, since it's -- you know, in theory represents them, and will after I grant preliminary approval -- they will have been appointed reaching out to any opt-outs just to confirm that they intend to opt out.  Don't convince them to change their mind but just to confirm they

intended to opt out of the case.

MR. STERN:  Your Honor, I don't know that we've done that routinely in the past, but we certainly can do that.

COURT:  Yeah, I mean, I -- and then the other thing -- and I know there's no issue here regarding plaintiff's counsel's competency.  I have no concerns about that, but I still need a declaration for the record.  So when you do, then I'm going to make you refile a new motion -- a renewed motion, because I think it will be cleaner and easier -- but when you do that, make sure you -- you submit a declaration.  And the other thing is, I do want to give you a -- I do want to give you a little bit of a head's up to plaintiff's counsel... that at least at this point, I am a little skeptical that a 30 percent fee is appropriate, given the stage of the proceedings at which this case settled.  It doesn't seem to me -- at least based on the docket -- it doesn't mean that you didn't do a lot of stuff informally, but it doesn't seem to me that at this point, plaintiff's counsel has done enough to justify the 30 percent, but I just want to give you the head's up so you can put in whatever work you need to work in and don't say at the final approval hearing, you know, we didn't understand that you had concerns or that you had these issues with the attorney's fees. You're going to get the one shot to do it here.  So -- and

12

also, please make sure to cite authority supporting whatever fee request you make and include a lodestar cross-check.

MR. STERN:  And so, yes, sir, just to clarify:  But that would be at the final approval stage?

THE COURT:  Exactly.  But I just wanted to give you the head's up now.  Based on my review of the docket and what I've seen in the case, I would say no, that there's a lot that goes on behind the scenes and never makes it on the docket between the lawyers and the parties; but based on what I've seen, I'm not sure that this -- that a 30 percent fee is warranted in this case; that the benchmark seems a more likely fees amount.

I also think you should give your class reps -- put them on notice that I have concerns about the proposed incentive award.  I think they are a little high.  Again, but I just think -- just put them on notice that -- that there's a good chance that I'm not going to approve the full 7500.

MR. STERN:  Understood, Your Honor.  We'll work on those.

THE COURT:  So that's it.  Those are my concerns. I think everything can be worked out pretty readily.  The -- I'll deny the motion without prejudice to refiling a new motion.  Please don't refer or incorporate anything from the previous motions.  I assume you're going to have to revise the settlement agreement anyway -- a little bit anyway, based

on what -- today.  How much time do you think you'll need to refile the -- a renewed motion?

MR. STERN:  We can do it pretty quickly.  I don't know about defendants in terms of talking to -- counsel -- talking to the clients.  I know that they're, obviously, in Poland.  There's a time difference.  What would you guys say?

MR. MARTINEZ:  I mean, I think that we could probably get it done in a week or two.  I'm not sure the standard for it.

THE COURT:  Well, I typically give two to three weeks.

MR. MARTINEZ:  I think that's probably fine.

THE COURT:  Okay.  So I usually give two to three weeks, unless sometimes lawyers may want a little bit more, because certainly you can file it earlier, right?  The earlier you file it, the earlier you get it on calendar.  So you have the incentive there.  So I'll give you three weeks.  And if you file it earlier, just notice it for the first open Thursday, pursuant to the Local Rules.  So I'll give you until April 28th to file the renewed motion.

But if you can file it next week, then it gets on calendar in a week.  Any questions then at this time?  Anybody?  No?  Plaintiff's counsel -- how about plaintiff's counsel?

MR. STERN:  Not from me, Your Honor.

14

THE COURT:  Okay.  Okay.  So I look forward to getting the renewed motion.  Thank you.  We're in recess.

MR. MARTINEZ:  Thank you, Your Honor.

(Whereupon, proceeding adjourned.)

- - -

UNITED STATES DISTRICT COURT

15

**C E R T I F I C A T E**

ANDREW TRAMPE                                        :

                        vs.                          :   No. 20-11627-FMO

CD PROJEKT S.A., et al.                             :

I, MARIA BUSTILLOS, OFFICIAL COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES. FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

//_____          _04/25/2022_

MARIA R. BUSTILLOS                          DATE
OFFICIAL REPORTER

UNITED STATES DISTRICT COURT

| $ | 9 |
|---|---|
| **$0.40** [1] - 5:14 | **90012** [1] - 1:24 |
| **$0.60** [2] - 5:11, 5:22 | **92121** [1] - 2:11 |

| 0 | A |
|---|---|
| **04/25/2022** [1] - 15:22 | **A.M** [1] - 4:2 |

| 1 |
|---|
| **1.40** [1] - 8:9 |
| **10016** [1] - 2:6 |
| **10:06** [1] - 4:2 |
| **11.02** [1] - 9:7 |
| **12254** [1] - 1:22 |
| **15-2057** [1] - 7:15 |
| **1542** [3] - 5:23, 6:24, 7:4 |
| **17-1935** [1] - 7:14 |
| **1ST** [1] - 1:23 |

| 2 |
|---|
| **20-11627-FMO** [3] - 1:10, 4:3, 15:6 |
| **2022** [2] - 1:19, 4:1 |
| **212)686-1060** [1] - 2:7 |
| **213** [1] - 1:25 |
| **275** [1] - 2:5 |
| **28** [1] - 15:13 |
| **28th** [1] - 13:20 |

| 3 |
|---|
| **30** [3] - 11:15, 11:20, 12:10 |
| **34TH** [1] - 2:6 |
| **350** [1] - 1:23 |

| 4 |
|---|
| **4** [1] - 3:3 |
| **4401** [1] - 2:11 |
| **4455** [1] - 1:24 |

| 7 |
|---|
| **7** [2] - 1:19, 4:1 |
| **7500** [1] - 12:17 |
| **753** [1] - 15:12 |

| 8 |
|---|
| **858)550-6000** [1] - 2:12 |
| **894-2739** [1] - 1:25 |

**A**

**A.M** [1] - 4:2
**ABOVE** [1] - 15:15
**ABOVE-ENTITLED** [1] - 15:15
**accepting** [1] - 9:13
**accuracy** [1] - 5:5
**ACTION** [2] - 1:16, 3:2
**actions** [2] - 4:25, 10:17
**actual** [1] - 6:14
**adjourned** [1] - 14:4
**administrator** [5] - 5:4, 10:7, 10:8, 10:10, 10:13
**agreeing** [1] - 9:4
**agreement** [1] - 12:25
**Ahmed** [1] - 7:14
**al** [4] - 1:12, 2:9, 4:3, 15:7
**allegat** [1] - 7:23
**allegations** [3] - 7:8, 7:24, 9:3
**allow** [2] - 5:24, 7:3
**amend** [1] - 6:25
**amount** [1] - 12:12
**analysis** [1] - 9:7
**AND** [3] - 15:10, 15:13, 15:15
**AND/OR** [1] - 15:19
**Andrew** [1] - 4:3
**ANDREW** [3] - 1:7, 2:4, 15:5
**ANGELES** [3] - 1:18, 1:24, 4:1
**ANY** [1] - 15:18
**anyway** [2] - 12:25
**appearance** [1] - 4:4
**applied** [1] - 9:11
**appointed** [1] - 10:23
**appropriate** [1] - 11:15
**approval** [10] - 4:11, 4:14, 4:17, 4:24, 5:7, 9:20, 10:23, 11:22, 12:4
**APPROVAL** [2] - 1:16, 3:2
**approve** [2] - 4:23, 12:17
**approved** [1] - 5:11
**approximate** [1] - 5:10
**April** [1] - 13:20
**APRIL** [2] - 1:19, 4:1
**ARE** [1] - 15:19
**arising** [1] - 8:15
**assume** [1] - 12:24
**assuming** [1] - 7:1

**AT** [1] - 4:2
**attorney's** [2] - 5:10, 11:24
**authority** [2] - 9:9, 12:1
**AVENUE** [1] - 2:5
**average** [3] - 5:8, 5:11, 5:14
**award** [1] - 12:15
**aware** [1] - 6:10

**B**

**banks** [1] - 6:16
**based** [7] - 7:23, 9:3, 11:17, 12:6, 12:9, 12:25
**BEHALF** [2] - 2:4, 2:9
**behind** [1] - 12:8
**benchmark** [1] - 12:11
**between** [1] - 12:9
**biggest** [1] - 7:19
**bit** [3] - 11:13, 12:25, 13:14
**boggles** [1] - 8:19
**Bozarth** [1] - 7:11
**briefing** [2] - 5:21, 9:7
**bring** [1] - 6:11
**BUSTILLOS** [3] - 1:21, 15:10, 15:23
**BY** [2] - 2:5, 2:10

**C**

**C.S.R** [1] - 1:22
**CA** [1] - 2:11
**calculations** [1] - 9:17
**calendar** [2] - 13:16, 13:22
**CALIFORNIA** [5] - 1:2, 1:18, 1:24, 4:1, 15:12
**carry** [1] - 4:23
**case** [17] - 4:2, 6:12, 6:23, 6:24, 7:10, 7:11, 7:14, 7:17, 9:10, 9:12, 10:9, 10:16, 11:1, 11:16, 12:7, 12:11
**cases** [1] - 10:17
**CD** [7] - 1:12, 2:9, 4:3, 4:9, 5:12, 5:15, 15:7
**CENTRAL** [2] - 1:2, 15:11
**cents** [2] - 5:11, 5:22
**certain** [1] - 4:9
**certainly** [4] - 9:24, 10:20, 11:3, 13:15
**CERTIFY** [1] - 15:12
**chance** [1] - 12:17
**change** [1] - 10:25
**CHARGED** [1] - 15:18
**check** [3] - 5:19, 5:20, 12:2

**Circuit** [2] - 9:9, 9:12
**CIRCUIT** [1] - 15:18
**circumstances** [1] - 5:25
**cite** [1] - 12:1
**claim** [3] - 6:11, 7:23, 9:3
**claiming** [1] - 6:9
**claims** [6] - 6:18, 7:20, 8:2, 8:10, 8:15, 8:24
**clarify** [2] - 5:8, 12:3
**CLASS** [2] - 1:16, 3:2
**class** [9] - 4:24, 8:21, 9:13, 9:19, 9:22, 9:23, 10:1, 10:16, 12:13
**cleaner** [1] - 11:10
**clear** [1] - 8:22
**clearly** [1] - 6:11
**client** [2] - 6:2, 6:17
**clients** [1] - 13:5
**CODE** [1] - 15:13
**comfortable** [1] - 10:11
**coming** [1] - 10:11
**company** [2] - 4:9, 6:14
**competency** [1] - 11:7
**complaint** [2] - 7:24, 9:3
**concern** [2] - 5:23, 6:17
**concerns** [5] - 4:12, 11:7, 11:23, 12:14, 12:20
**CONFERENCE** [2] - 15:17, 15:20
**confirm** [2] - 10:24, 10:25
**CONFORMANCE** [2] - 15:16, 15:19
**confuse** [1] - 8:21
**confusing** [1] - 7:21
**consider** [1] - 4:20
**containing** [1] - 9:23
**convince** [1] - 10:25
**COOLEY** [1] - 2:9
**Cooley** [1] - 4:8
**CORRECT** [1] - 15:14
**counsel** [7] - 4:4, 8:12, 10:21, 11:20, 13:4, 13:23, 13:24
**counsel's** [2] - 9:13, 11:7
**counsel..** [1] - 11:14
**couple** [1] - 7:10
**COURT** [21] - 1:1, 1:22, 4:2, 4:10, 5:21, 6:6, 7:2, 7:7, 7:14, 8:7, 8:13, 8:16, 8:18, 11:5, 12:5, 12:20, 13:10, 13:13, 14:1, 15:10, 15:11
**court** [3] - 9:13, 10:5, 10:11

**Circuit**

**Court** [3] - 4:23, 5:11, 9:20
**Court's** [1] - 9:19
**COURTHOUSE** [1] - 1:23
**courthouse** [1] - 5:7
**COURTROOM** [1] - 4:2
**cover** [1] - 8:23
**covered** [1] - 7:9
**covers** [1] - 7:22
**criticized** [1] - 9:12
**cross** [1] - 12:2
**cross-check** [1] - 12:2
**CV** [2] - 1:10, 4:3

**D**

**damage** [1] - 5:9
**damaged** [2] - 5:12, 5:14
**damages** [2] - 9:6, 9:16
**DATE** [1] - 15:23
**dealt** [1] - 4:13
**declaration** [6] - 4:19, 4:22, 5:3, 9:16, 11:8, 11:12
**deduction** [1] - 5:10
**Defendants** [1] - 1:13
**DEFENDANTS** [1] - 2:9
**defendants** [2] - 4:8, 13:4
**definitely** [1] - 4:23
**deny** [1] - 12:22
**denying** [1] - 8:2
**DEPOSIT** [1] - 15:19
**DEPUTY** [1] - 4:2
**detail** [1] - 5:4
**detailed** [1] - 5:2
**DIEGO** [1] - 2:11
**difference** [1] - 13:6
**different** [2] - 6:12, 10:9
**directed** [1] - 9:22
**directly** [1] - 10:5
**discuss** [2] - 4:12, 6:23
**DISTRICT** [5] - 1:1, 1:2, 1:5, 15:11
**district** [1] - 9:13
**DIVISION** [1] - 1:3
**DO** [1] - 15:12
**docket** [5] - 10:3, 10:5, 11:17, 12:6, 12:9
**documents** [1] - 4:19
**done** [7] - 7:10, 7:12, 7:17, 10:9, 11:3, 11:20, 13:8
**double** [2] - 5:19, 5:20
**double-check** [2] - 5:19, 5:20
**down** [3] - 5:13, 6:9

downside [1] - 10:15

**E**

easier [4] - 10:1, 10:2, 10:3, 11:11
EASTGATE [1] - 2:11
effect [1] - 4:21
enter [1] - 4:20
ENTITLED [1] - 15:15
equity [2] - 6:13, 6:15
equity-related [1] - 6:15
especially [1] - 10:21
ESQ [2] - 2:5, 2:10
estimated [2] - 5:14, 9:6
et [4] - 1:12, 2:9, 4:3, 15:7
events [1] - 7:9
eventually [1] - 4:14
exactly [1] - 12:5
example [2] - 5:1, 5:6
examples [1] - 7:10
exchange [1] - 6:15
exclusion [1] - 9:22
exercise [1] - 10:2
expenses [1] - 5:11
expert [1] - 9:17
explain [1] - 6:1
explaining [1] - 5:4
explains [1] - 9:20
explanation [2] - 5:17, 9:8

**F**

fact [1] - 6:1
facts [2] - 6:10, 7:8
familiar [1] - 7:11
far [2] - 8:18, 8:20
FEE [1] - 15:18
fee [3] - 11:15, 12:2, 12:10
fees [3] - 5:10, 11:24, 12:12
FEES [1] - 15:18
FERNANDO [1] - 1:5
few [1] - 10:9
figures [1] - 9:17
file [5] - 13:15, 13:16, 13:18, 13:20, 13:21
fill [1] - 10:19
final [4] - 4:17, 5:7, 11:22, 12:4
fine [3] - 8:16, 8:17, 13:12
FIRM [1] - 2:4
firm [1] - 4:5
first [1] - 13:18
FLOOR [1] - 2:6
FOR [5] - 1:16, 3:2, 15:10, 15:11, 15:18
FOREGOING [1] -

15:13
form [7] - 4:22, 5:13, 9:22, 9:25, 10:2, 10:15, 10:19
FORMAT [1] - 15:16
forms [3] - 5:5, 5:6, 10:3
forward [1] - 14:1
full [1] - 12:17

**G**

generally [1] - 5:24
given [2] - 9:9, 11:15
grant [2] - 4:14, 10:22
granted [1] - 9:10
granting [2] - 4:16, 4:24
guys [2] - 10:14, 13:6

**H**

head's [3] - 11:13, 11:21, 12:6
HEARING [2] - 1:16, 3:2
hearing [2] - 5:8, 11:23
HELD [1] - 15:15
HEREBY [1] - 15:12
high [1] - 12:15
honestly [1] - 9:15
Honor [9] - 4:7, 5:20, 6:3, 6:5, 8:5, 11:2, 12:18, 13:25, 14:3
HONORABLE [1] - 1:5

**I**

IN [5] - 4:2, 15:10, 15:15, 15:16, 15:19
inadvertently [1] - 10:18
incentive [2] - 12:15, 13:17
include [4] - 4:21, 5:1, 5:3, 12:2
includes [1] - 4:18
incorporate [1] - 12:23
informally [1] - 11:18
information [6] - 4:18, 4:20, 5:2, 5:3, 9:24
injunctive [2] - 9:11, 9:14
intend [2] - 10:18, 10:24
intended [2] - 6:11, 11:1
IS [2] - 15:13, 15:16
issue [3] - 6:13, 6:19, 11:6
issued [1] - 6:16
issues [3] - 4:13, 6:22,

11:24
itself [1] - 6:23

**J**

JONATHAN [1] - 2:5
Jonathan [1] - 4:5
JUDGE [1] - 1:5
JUDICIAL [2] - 15:17, 15:20
justified [1] - 6:7
justify [1] - 11:20

**K**

keep [1] - 10:13
Kim [1] - 9:11
know... [1] - 10:13
known [1] - 7:23

**L**

language [2] - 6:25, 7:16
LAW [1] - 2:4
Law [1] - 4:5
lawyers [2] - 12:9, 13:14
least [3] - 10:4, 11:14, 11:17
leave [1] - 8:2
LESS [1] - 15:18
letter [1] - 9:23
likely [1] - 12:12
line [1] - 6:25
list [1] - 5:7
LLP [2] - 2:9, 4:8
Local [1] - 13:19
lodestar [1] - 12:2
look [3] - 7:9, 7:10, 14:1
looked [2] - 4:11, 7:13
LOS [3] - 1:18, 1:24, 4:1

**M**

MADISON [1] - 2:5
mail [1] - 9:23
MALL [1] - 2:11
MARIA [3] - 1:21, 15:10, 15:23
MARTINEZ [13] - 2:10, 4:7, 6:3, 6:7, 7:3, 7:13, 8:5, 8:8, 8:14, 8:17, 13:7, 13:12, 14:3
Martinez [1] - 4:8
Matt [1] - 4:8
MATTER [1] - 15:15
MATTHEW [1] - 2:10
maximum [1] - 9:6
mean [7] - 7:7, 8:10,

8:20, 10:8, 11:5, 11:18, 13:7
members [4] - 8:22, 9:19, 9:23, 10:1
might [1] - 7:17
million [1] - 9:7
mind [2] - 8:19, 10:25
most [2] - 5:2, 5:21
MOTION [2] - 1:16, 3:2
motion [9] - 4:18, 9:6, 11:9, 11:10, 12:22, 12:23, 13:2, 13:20, 14:2
motions [1] - 12:24
MR [19] - 4:5, 4:7, 5:19, 6:3, 6:7, 7:3, 7:13, 8:5, 8:8, 8:14, 8:17, 11:2, 12:3, 12:18, 13:3, 13:7, 13:12, 13:25, 14:3

**N**

narrow [1] - 7:8
need [8] - 4:21, 6:1, 7:24, 9:15, 9:16, 11:8, 11:22, 13:1
needed [1] - 9:10
never [2] - 8:25, 12:8
NEW [1] - 2:6
new [2] - 11:9, 12:22
next [2] - 9:5, 13:21
Ninth [2] - 9:9, 9:12
nonstarter [3] - 8:1, 8:3, 8:10
normally [1] - 5:24
notice [8] - 5:2, 5:5, 5:7, 5:9, 9:22, 12:14, 12:16, 13:18
number [2] - 4:2, 9:9
NY [1] - 2:6

**O**

objections [3] - 10:4, 10:11
obviously [1] - 13:5
OF [12] - 1:2, 1:15, 1:16, 2:4, 2:9, 3:2, 15:11, 15:14, 15:17, 15:20
officers [1] - 4:9
OFFICIAL [3] - 1:22, 15:10, 15:23
OLGUIN [1] - 1:5
ON [4] - 1:16, 2:4, 2:9, 3:2
once [1] - 10:5
one [6] - 8:4, 8:5, 9:1, 9:10, 10:15, 11:25
open [1] - 13:18
opt [10] - 9:18, 9:21, 9:25, 10:3, 10:12, 10:17, 10:18, 10:24,

11:1
opt-out [3] - 9:18, 9:21, 10:3
opt-outs [2] - 10:12, 10:24
order [4] - 4:17, 4:20, 5:1, 9:19
orders [2] - 4:16, 4:24
outs [2] - 10:12, 10:24
own [1] - 4:16

**P**

PA [1] - 2:4
PAGE [2] - 3:2, 15:16
paragraph [4] - 7:20, 8:9, 8:19, 8:24
paragraphs [1] - 5:12
particular [1] - 8:24
parties [1] - 12:9
past [3] - 4:23, 6:4, 11:3
people [2] - 9:25, 10:17
per [3] - 5:9, 5:12, 5:14
percent [3] - 11:15, 11:20, 12:10
period [2] - 7:24, 8:3
perpetuity [1] - 6:18
plaintiff's [7] - 8:12, 10:21, 11:7, 11:14, 11:19, 13:23
Plaintiffs [1] - 1:8
plaintiffs [3] - 4:6, 7:5, 9:16
PLAINTIFFS [1] - 2:4
plan [2] - 5:2, 5:5
point [4] - 4:12, 9:5, 11:14, 11:19
Poland [1] - 13:6
position [1] - 6:5
potential [1] - 7:4
prefers [1] - 9:20
prejudice [1] - 12:22
preliminary [6] - 4:10, 4:14, 4:16, 4:24, 9:19, 10:22
PRELIMINARY [2] - 1:16, 3:2
prepare [1] - 4:16
prepared [1] - 4:15
PRESIDING [1] - 1:5
pretty [2] - 12:21, 13:3
preventing [1] - 10:20
previous [1] - 12:24
principal [1] - 9:2
problem [1] - 7:19
procedure [1] - 9:18
proceeding [1] - 14:4
proceedings [1] - 11:16
PROCEEDINGS [2] - 1:15, 15:15
project [1] - 5:15

17

UNITED STATES DISTRICT COURT

**PROJEKT** [3] - 1:12, 2:9, 15:7
**Projekt** [3] - 4:3, 4:9, 5:12
**proposed** [5] - 4:17, 5:1, 5:5, 9:22, 12:14
**protection** [1] - 6:8
**provide** [4] - 9:15, 9:16, 9:21, 9:25
**provision** [2] - 7:20, 8:2
**PURSUANT** [1] - 15:12
**pursuant** [1] - 13:19
**put** [5] - 7:25, 10:5, 11:21, 12:13, 12:16

### Q

**questions** [1] - 13:22
**quick** [1] - 8:5
**quickly** [1] - 13:3
**quite** [1] - 8:25

### R

**rather** [1] - 10:6
**reaching** [1] - 10:23
**read** [2] - 6:3, 6:20
**readily** [1] - 12:21
**really** [2] - 8:24, 10:18
**recent** [1] - 9:9
**recess** [1] - 14:2
**record** [1] - 11:8
**recovery** [3] - 5:8, 5:10, 5:14
**REDUCTION** [1] - 15:19
**refer** [1] - 12:23
**referring** [1] - 8:9
**refile** [2] - 11:9, 13:2
**refiling** [1] - 12:22
**regarding** [4] - 9:14, 9:18, 9:19, 11:6
**regular** [1] - 7:22
**REGULATIONS** [2] - 15:16, 15:20
**related** [4] - 6:13, 6:15, 6:22, 8:15
**release** [5] - 5:24, 6:22, 7:19, 7:22, 8:23
**released** [2] - 6:11, 9:4
**relevant** [1] - 4:22
**relief** [2] - 9:11, 9:15
**renewed** [4] - 11:10, 13:2, 13:20, 14:2
**REPORTED** [1] - 15:14
**REPORTER** [3] - 1:22, 15:10, 15:23
**REPORTER'S** [1] - 1:15

**representation** [1] - 9:14
**represents** [2] - 5:13, 10:22
**reps** [1] - 12:13
**request** [1] - 12:2
**requirements** [1] - 9:20
**review** [3] - 4:23, 5:5, 12:6
**revise** [1] - 12:24
**revised** [1] - 5:6
**reword** [2] - 8:11, 8:14
**rights** [1] - 10:2
**road** [1] - 6:9
**ROSEN** [1] - 2:4
**Rosen** [1] - 4:5
**routinely** [1] - 11:3
**Rules** [1] - 13:19

### S

**S.A** [3] - 1:12, 2:9, 15:7
**SAN** [1] - 2:11
**sanction** [1] - 6:16
**scenes** [1] - 12:8
**scope** [1] - 6:21
**second** [2] - 6:21, 6:23
**SECTION** [1] - 15:12
**securities** [6] - 4:24, 5:12, 5:15, 6:13, 6:15, 6:19
**security's** [1] - 10:16
**see** [1] - 10:19
**seem** [2] - 11:17, 11:19
**send** [2] - 10:8, 10:19
**sent** [2] - 10:4, 10:6
**separate** [2] - 7:20, 8:19
**SESSION** [1] - 4:2
**settled** [1] - 11:16
**settlement** [11] - 5:4, 5:13, 9:5, 9:18, 9:21, 10:7, 10:8, 10:10, 10:12, 12:25
**SETTLEMENT** [2] - 1:17, 3:3
**share** [3] - 5:9, 5:12, 5:14
**shareholder** [1] - 6:9
**shares** [1] - 6:14
**shot** [1] - 11:25
**similar** [1] - 7:16
**simply** [1] - 6:8
**skeptical** [1] - 11:15
**so...** [1] - 5:22
**sometimes** [1] - 13:14
**sort** [1] - 10:15
**special** [1] - 5:25
**specifying** [1] - 7:8
**stage** [2] - 11:16, 12:4
**standard** [1] - 13:9

**state** [1] - 4:4
**states** [2] - 5:9, 9:6
**STATES** [6] - 1:1, 1:23, 15:11, 15:13, 15:17, 15:20
**STENOGRAPHICALLY** [1] - 15:14
**STERN** [8] - 2:5, 4:5, 5:19, 11:2, 12:3, 12:18, 13:3, 13:25
**Stern** [1] - 4:5
**still** [1] - 11:8
**stocks** [1] - 6:14
**STREET** [1] - 1:23
**stuff** [1] - 11:18
**subject** [1] - 6:18
**submission** [1] - 9:21
**submit** [1] - 11:11
**submitting** [1] - 5:6
**sufficient** [2] - 7:3, 7:5
**SUITE** [1] - 1:24
**supplemental** [1] - 4:21
**support** [2] - 9:8, 9:17
**supported** [1] - 4:19
**supporting** [1] - 12:1
**suspect** [2] - 5:18, 5:20

### T

**tailor** [1] - 7:16
**terms** [1] - 13:4
**THAT** [2] - 15:12, 15:15
**that...** [1] - 8:6
**THE** [30] - 2:4, 2:9, 4:2, 4:10, 5:21, 6:6, 7:2, 7:7, 7:14, 8:7, 8:13, 8:16, 8:18, 12:5, 12:20, 13:10, 13:13, 14:1, 15:10, 15:11, 15:13, 15:14, 15:15, 15:16, 15:17, 15:19, 15:20
**theory** [1] - 10:22
**THIS** [1] - 15:18
**three** [3] - 13:11, 13:14, 13:17
**THURSDAY** [2] - 1:19, 4:1
**Thursday** [1] - 13:19
**TITLE** [1] - 15:13
**TO** [1] - 15:12
**today** [1] - 13:1
**track** [1] - 10:13
**traded** [1] - 6:14
**Trampe** [1] - 4:3
**TRAMPE** [3] - 1:7, 2:4, 15:5
**transactions** [1] - 7:9
**TRANSCRIPT** [4] - 1:15, 15:14, 15:16, 15:18
**transcripts** [2] - 6:4,

6:20
**troubled** [1] - 8:24
**TRUE** [1] - 15:13
**trying** [2] - 6:10, 9:2
**two** [4] - 5:12, 13:8, 13:10, 13:13
**typically** [2] - 10:4, 13:10
**typo** [3] - 5:16, 5:18, 5:20

### U

**U.S** [1] - 6:16
**understood** [1] - 12:18
**UNITED** [6] - 1:1, 1:23, 15:11, 15:13, 15:17, 15:20
**unknown** [7] - 7:20, 7:23, 8:2, 8:10, 8:15, 8:23, 9:3
**unless** [2] - 5:25, 13:14
**unnecessary** [1] - 7:21
**unsupported** [1] - 9:13
**up** [3] - 11:13, 11:21, 12:6

### V

**value** [2] - 9:11, 9:14
**various** [1] - 9:23
**vs** [2] - 1:10, 15:6

### W

**waiver** [4] - 5:23, 6:24, 7:4, 7:8
**waivers** [1] - 5:25
**wants** [1] - 6:2
**war** [1] - 6:14
**warranted** [1] - 12:11
**week** [3] - 13:8, 13:21, 13:22
**weeks** [3] - 13:11, 13:14, 13:17
**WEST** [1] - 1:23
**WESTERN** [1] - 1:3
**whole** [1] - 8:20
**willing** [1] - 7:17
**WITH** [2] - 15:16, 15:19

### Y

**YORK** [1] - 2:6