# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TRAMPE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CD PROJEKT S.A., ADAM MICHAŁ KICIŃSKI, MARCIN IWIŃSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI,<br><br>    Defendants. | Case No. CV 20-11627 FMO (RAOx) |

- 1 -

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

## NOTICE OF PENDENCY AND PROPOSED
## SETTLEMENT OF CLASS ACTION

If you acquired CD Projekt, SA ("CD Projekt" or "Company") publicly-traded equity securities[1] in domestic transactions during the period from January 16, 2020 through December 17, 2020, both dates inclusive ("Settlement Class Period"), you could get a payment from a proposed class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $1,850,000 ("Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased CD Projekt securities during the Settlement Class Period.

- The approximate recovery, before deduction of attorneys' fees and expenses approved by the Court, is an average of $.74 per damaged share of CD Projekt securities. This estimate is based on the assumptions set forth in the following two paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold CD Projekt securities, the purchase and sale prices, and the total number and amount of claims filed.

- Attorneys for Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to 30% of the Settlement Amount, or $555,000, reimbursement of litigation expenses of no more than $40,000, and Award to Plaintiffs not to exceed $7,500 per person. Collectively, the attorneys' fees and expenses and award to Plaintiffs are estimated to average $.25 per damaged share of CD Projekt securities.  If approved by the Court, these amounts will be paid from the Settlement Fund.

- The Settlement represents an estimated average recovery, after deduction of attorneys' fees and expenses approved by the Court, of $.49 per damaged share of CD Projekt securities for the approximately 2.51 million damaged shares during the Settlement Class Period. Shares may have been traded more than once

---

[1] These securities include CD Projekt's ADSs (Symbol: OTGLY, Cusip # 125105106) and common shares (Symbol: OTGLF, CIN # X0957E106 ).

during the Settlement Class Period. This estimate solely reflects the average recovery per damaged share of CD Projekt securities. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold CD Projekt securities, and the total number of claims filed.

- The Settlement resolves the Action concerning whether CD Projekt and individual defendants Adam Michal Kiciński, Marcin Iwiński, Piotr Marcin Nielubowicz, and Michał Nowakowski ("Defendants") violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission or in other public statements to the investing public. Defendants deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever, including by any of CD Projekt's officers, directors, or employees.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2022** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2022** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2022** | Write to the Court and explain why you object to the Settlement. |
| **GO TO A HEARING ON _____ __, 2022** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- 3 -

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

## INQUIRIES

**Please do not contact the Court regarding this Notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| CD Projekt, S.A. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.:  866-274-4004<br>Fax:  610-565-7985<br>info@strategicclaims.net | OR | Jonathan Stern<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel: 212-686-1060<br>Fax: 212-202-3827<br>Email: jstern@rosenlegal.com |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated _, 2022 ("Stipulation").

- 4 -

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.      Why did I get this Notice?**

You or someone in your family may have acquired CD Projekt securities between January 16, 2020 through December 17, 2020, both dates inclusive.

**2.      What is this lawsuit about?**

The case is known as *Trampe v. CD Projekt S.A., et al.* Case No. 2:20-CV-11627-FMO-RAO (C.D. Cal.) ("Action"). The Action is pending in the United States District Court for the Central District of California.

The Action involves Lead Plaintiff's allegations that Defendants violated the federal securities laws by making false or misleading statements in CD Projekt's public statements to investors. The Complaint asserts that the alleged misstatements or omissions artificially inflated the price of CD Projekt securities, and that the stock price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability against CD Projekt or any of its officers, directors, or employees. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Settlement Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

**3.      Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail at trial on each claim. The issues on which Lead Plaintiff and Defendants disagree include: (1) whether Defendants made any statements that were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants acted with scienter; (3) to the extent any statements were materially false or misleading, whether any subsequent disclosures corrected any prior statements by Defendants; (4) the causes of the loss in the value of the stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial. Instead, Lead Plaintiff and Defendants have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses Defendants would raise. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will prevail on Defendants' anticipated motion to dismiss (or in any further stages of the case, including trial), whether they would be able to prevail on a motion for class certification, and whether they will be able to prove that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Lead Plaintiff were to win at trial, and also prevail on any on appeal brought by Defendants, Lead Plaintiff might not be able to collect some, or all, of any judgment the class would be awarded. Moreover, litigation of this type is usually expensive, and it appears that, even if Lead Plaintiff's allegations were eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of those Persons who purchased CD Projekt securities from January 16, 2020 through December 17, 2020, both dates inclusive.

- 6 -

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time. Also excluded from the Settlement Class are Opt-Outs (*i.e.*, persons who file valid and timely requests for exclusion from the Settlement Class).

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help.  For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/CDProjekt, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**a.    What is the Settlement Fund?**

The proposed Settlement provides that Defendants pay $1,850,000 into a Settlement Fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any Award to the Lead Plaintiff. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed according to the Plan of Allocation to be approved by the Court to Settlement Class Members who submit timely, valid Proofs of Claim.

**b.    What can you expect to receive under the proposed Settlement?**

- 7 -

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold CD Projekt securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amounts awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and to Lead Plaintiff.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Lead Plaintiff's contention that because of the alleged misrepresentations made by Defendants, the price of CD Projekt securities was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of CD Projekt securities. Defendants have denied these allegations.

### PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/CDProjekt.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

**(I)  Recognized Loss for the Company's ADRs (Symbol: OTGLY, CUSIP# 125105106) Purchased in Domestic Transactions During the Settlement Class Period will be calculated as follows:**

(A)  For ADRs purchased during the Settlement Class Period <u>and sold during the Class Period</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)  For ADRs purchased during the Settlement Class Period <u>and sold during the period December 18, 2020 through March 18 2021</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing ADR price as of date of sale provided in Table B below.

(C)  For ADRs purchased during the Settlement Class Period <u>and retained as of the close of trading on March 18, 2021</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $17.59[2] per share.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $17.59 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on December 18, 2020 through and including on March 18, 2021.

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

| INFLATION TABLE A ADRs Purchased During the Settlement Class Period | |
|---|---|
| **Period** | **Inflation** |
| January 16, 2020 to December 9, 2020, inclusive | $9.89 per share |
| December 10, 2020 | $7.14 per share |
| December 11.2020 | $5.48 per share |
| December 12, 2020 to December 17, 2020 inclusive | $3.43 per share |

- 11 -

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION

| | | | Table B | | | | |
|---|---|---|---|---|---|---|---|
| | | Average | | | | | Average |
| Date | Closing Price | Closing Price | | Date | Closing Price | Closing Price |
| 12/18/2020 | $18.50 | $18.50 | | 2/4/2021 | $19.33 | $18.48 |
| 12/21/2020 | $17.97 | $18.23 | | 2/5/2021 | $19.61 | $18.52 |
| 12/22/2020 | $19.30 | $18.59 | | 2/8/2021 | $19.47 | $18.54 |
| 12/23/2020 | $18.90 | $18.67 | | 2/9/2021 | $18.65 | $18.55 |
| 12/24/2020 | $18.35 | $18.60 | | 2/10/2021 | $18.37 | $18.54 |
| 12/28/2020 | $18.90 | $18.65 | | 2/11/2021 | $18.08 | $18.53 |
| 12/29/2020 | $18.97 | $18.70 | | 2/12/2021 | $17.90 | $18.51 |
| 12/30/2020 | $18.55 | $18.68 | | 2/16/2021 | $18.32 | $18.51 |
| 12/31/2020 | $18.31 | $18.64 | | 2/17/2021 | $18.30 | $18.50 |
| 1/4/2021 | $18.55 | $18.63 | | 2/18/2021 | $18.45 | $18.50 |
| 1/5/2021 | $18.20 | $18.59 | | 2/19/2021 | $18.20 | $18.49 |
| 1/6/2021 | $18.32 | $18.57 | | 2/22/2021 | $17.55 | $18.47 |
| 1/7/2021 | $17.18 | $18.46 | | 2/23/2021 | $17.30 | $18.45 |
| 1/8/2021 | $16.28 | $18.31 | | 2/24/2021 | $17.03 | $18.41 |
| 1/11/2021 | $16.57 | $18.19 | | 2/25/2021 | $16.91 | $18.38 |
| 1/12/2021 | $16.75 | $18.10 | | 2/26/2021 | $16.25 | $18.34 |
| 1/13/2021 | $16.87 | $18.03 | | 3/1/2021 | $15.80 | $18.28 |
| 1/14/2021 | $18.10 | $18.03 | | 3/2/2021 | $16.10 | $18.24 |
| 1/15/2021 | $17.45 | $18.00 | | 3/3/2021 | $15.17 | $18.18 |
| 1/19/2021 | $16.78 | $17.94 | | 3/4/2021 | $15.12 | $18.12 |
| 1/20/2021 | $17.06 | $17.90 | | 3/5/2021 | $15.05 | $18.06 |
| 1/21/2021 | $17.33 | $17.87 | | 3/8/2021 | $14.94 | $18.00 |
| 1/22/2021 | $16.96 | $17.83 | | 3/9/2021 | $14.80 | $17.94 |
| 1/25/2021 | $18.21 | $17.85 | | 3/10/2021 | $14.00 | $17.87 |
| 1/26/2021 | $19.90 | $17.93 | | 3/11/2021 | $14.73 | $17.81 |
| 1/27/2021 | $20.90 | $18.04 | | 3/12/2021 | $14.90 | $17.76 |
| 1/28/2021 | $23.19 | $18.23 | | 3/15/2021 | $15.38 | $17.72 |
| 1/29/2021 | $20.65 | $18.32 | | 3/16/2021 | $15.13 | $17.68 |
| 2/1/2021 | $20.45 | $18.39 | | 3/17/2021 | $15.21 | $17.64 |
| 2/2/2021 | $19.20 | $18.42 | | 3/18/2021 | $14.95 | $17.59 |
| 2/3/2021 | $19.46 | $18.45 | | | | |

**(II)  Recognized Loss for the Company's Common Shares (Symbol: OTGLF, CIN# X0957E106) Purchased in Domestic Transactions During the Settlement Class Period will be calculated as follows:**

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

(A)   For common shares purchased during the Settlement Class Period and sold during the Class Period, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table C below) less the inflation per share upon sale (as set forth in Inflation Table C below); or (2) the purchase price per share minus the sales price per share.

(B)   For common shares purchased during the Settlement Class Period and sold during the period December 18, 2020 through March 18 2021, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table C below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table D below.

(C)   For common shares purchased during the Settlement Class Period and retained as of the close of trading on March 18, 2021, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table C below); or (2) the purchase price per share minus $70.67[3] per share.

| INFLATION TABLE C | |
|---|---|
| Common Shares Purchased During the Settlement Class Period | |
| **Period** | **Inflation** |
| January 16, 2020 to December 9, 2020, inclusive | $40.85 per share |
| December 10, 2020 | $33.22 per share |
| December 11,2020 | $13.01 per share |
| December 12, 2020 to December 17, 2020 inclusive | $9.74 per share |

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $70.67 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on December 18, 2020 through and including on March 18, 2021.

- 13 -

| | | Table D | | | |
|---|---|---|---|---|---|
| | | Average | | | Average |
| Date | Closing Price | Closing Price | Date | Closing Price | Closing Price |
| 12/18/2020 | $78.80 | $78.80 | 2/4/2021 | $77.71 | $74.29 |
| 12/21/2020 | $71.00 | $74.90 | 2/5/2021 | $77.71 | $74.40 |
| 12/22/2020 | $75.00 | $74.93 | 2/8/2021 | $77.15 | $74.48 |
| 12/23/2020 | $74.75 | $74.89 | 2/9/2021 | $75.00 | $74.49 |
| 12/24/2020 | $75.00 | $74.91 | 2/10/2021 | $71.45 | $74.41 |
| 12/28/2020 | $73.89 | $74.74 | 2/11/2021 | $71.45 | $74.33 |
| 12/29/2020 | $76.00 | $74.92 | 2/12/2021 | $70.55 | $74.23 |
| 12/30/2020 | $75.45 | $74.99 | 2/16/2021 | $70.50 | $74.13 |
| 12/31/2020 | $75.00 | $74.99 | 2/17/2021 | $70.50 | $74.04 |
| 1/4/2021 | $74.50 | $74.94 | 2/18/2021 | $74.28 | $74.05 |
| 1/5/2021 | $73.50 | $74.81 | 2/19/2021 | $73.53 | $74.04 |
| 1/6/2021 | $73.50 | $74.70 | 2/22/2021 | $73.53 | $74.02 |
| 1/7/2021 | $68.00 | $74.18 | 2/23/2021 | $73.53 | $74.01 |
| 1/8/2021 | $65.72 | $73.58 | 2/24/2021 | $73.53 | $74.00 |
| 1/11/2021 | $69.90 | $73.33 | 2/25/2021 | $67.00 | $73.85 |
| 1/12/2021 | $69.90 | $73.12 | 2/26/2021 | $64.14 | $73.64 |
| 1/13/2021 | $66.97 | $72.76 | 3/1/2021 | $62.79 | $73.42 |
| 1/14/2021 | $72.23 | $72.73 | 3/2/2021 | $65.53 | $73.26 |
| 1/15/2021 | $69.00 | $72.53 | 3/3/2021 | $60.10 | $72.99 |
| 1/19/2021 | $65.30 | $72.17 | 3/4/2021 | $60.40 | $72.75 |
| 1/20/2021 | $65.73 | $71.86 | 3/5/2021 | $61.01 | $72.52 |
| 1/21/2021 | $65.73 | $71.59 | 3/8/2021 | $62.25 | $72.33 |
| 1/22/2021 | $65.73 | $71.33 | 3/9/2021 | $62.25 | $72.14 |
| 1/25/2021 | $74.82 | $71.48 | 3/10/2021 | $56.23 | $71.85 |
| 1/26/2021 | $78.00 | $71.74 | 3/11/2021 | $60.29 | $71.64 |
| 1/27/2021 | $85.00 | $72.25 | 3/12/2021 | $60.29 | $71.45 |
| 1/28/2021 | $92.00 | $72.98 | 3/15/2021 | $60.29 | $71.25 |
| 1/29/2021 | $87.50 | $73.50 | 3/16/2021 | $58.45 | $71.04 |
| 2/1/2021 | $87.50 | $73.98 | 3/17/2021 | $60.00 | $70.85 |
| 2/2/2021 | $77.15 | $74.09 | 3/18/2021 | $60.00 | $70.67 |
| 2/3/2021 | $77.15 | $74.18 | | | |

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

suffered a trading loss on his, her or its overall transactions in the Company's shares during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases of the Company shares during the period January 16, 2020 through and including March 18, 2021. CD Projekt's ADRs and common stock purchased and sold during the Settlement Class Period must have been sold at a loss and after an alleged corrective disclosure to qualify as a Recognized Loss. Trading gains, if any, will have a Recognized Loss of $0.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

- 15 -

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**9.    How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Internet at www.strategicclaims.net/CDProjekt. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/CDProjekt by 11:59 p.m. EST on _____, 2022; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than _____, 2022, to the Claims Administrator at:

CD Projekt, S.A.Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the _____, 2022 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of CD Projekt securities during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as the sole compensation for any losses you suffered in the purchase, acquisition, sale or ownership of CD Projekt

- 16 -

securities during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11.    How do I exclude myself from the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must download and complete an opt-out form from the website at www.strategicclaims.net/CDProjekt and mail it to the Claims Administrator that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Trampe v. CD Projekt S.A., et al.* Case No. 2:20-CV-11627-FMO-RAO (C.D. Cal.);" (B) states the date, number of shares and dollar amount of each CD Projekt securities purchase or acquisition during the Settlement Class Period, and any sale transactions; and (C) states the number of shares of CD Projekt securities held by you as of December 17, 2020. To be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of CD Projekt securities during the Settlement Class Period, and (ii) demonstrating your status as a beneficial owner of the CD Projekt securities. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than _____ __, 2022, to the Claims Administrator at the following address:

CD Projekt, S.A.Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Final Judgment in this case.

- 17 -

**12.   If I do not exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you followed the procedure outlined in this Notice and the Court's Preliminary Approval Order to exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.   Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

**14.   How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 30% of the Settlement, or $555,000, for reimbursement of reasonable litigation expenses not to exceed $40,000, and Award to Plaintiffs in an amount not to exceed $7,500 each. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.   How do I tell the Court that I object to the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or application for an Award to Lead Plaintiff, and that you think

the Court should not approve any or all of the foregoing, by mailing a letter stating that you object to the Settlement in the matter *Trampe v. CD Projekt S.A., et al.* Case No. 2:20-CV-11627-FMO-RAO (C.D. Cal.). Be sure to include (1) your name, address, and telephone number, (2) a list of all purchases and sales of CD Projekt securities during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to the address listed below, to be received no later than _____ __, 2022:

Clerk of the Court
United States District Court
Central District of California
350 W. 1st Street, Suite 4311
Los Angeles, CA 90012

16. **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

- 19 -

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2022, at __:__ _.m., at the U.S. District Court, Central District of California, 350 W. 1st Street, Courtroom 6D Los Angeles, CA 90012-4701, or by telephonic or videoconference means as directed by the Court.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide whether to approve the Plan of Allocation, as well as how much to pay Lead Counsel for attorneys' fees and expenses and how much to award to Lead Plaintiff.

**18.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

DATED: _____

_____
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

- 20 -

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT; NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION