Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TRAMPE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CD PROJEKT S.A., ADAM MICHAL KICIŃSKI, MARCIN IWIŃSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI,<br><br>Defendants. | Case No. 2:20-cv-11627 FMO (RAOx)<br><br>**NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>CLASS ACTION<br><br>Date: September 5, 2024<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin |

**PLEASE TAKE NOTICE** that Lead Plaintiff James W. Gordley, and additional plaintiffs Steven Shaginyan and Phillip Trefethen ("Plaintiffs"), on behalf of themselves and all members of the Settlement Class, hereby move this

1

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

Court for an Order granting the Motion for Distribution of Class Action Settlement Funds.

In support of this Motion, Plaintiffs submit the accompanying Memorandum of Points and Authorities, the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process and the exhibits attached thereto, all other pleadings and matters of record, and such additional evidence or arguments as may be presented at the hearing. A [Proposed] Order for Distribution of Class Action Settlement Funds is submitted herewith. Plaintiffs conferred with Defendants regarding this motion and they do not object.

Dated: August 6, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A**.

*/s/Jonathan Stern*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jstern@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Lead Plaintiff James W. Gordley, and additional plaintiffs Steven Shaginyan and Phillip Trefethen ("Plaintiffs") submit this memorandum of law in support of their motion for entry of the [Proposed] Order for Distribution of Class Action Settlement Funds ("Distribution Order"), submitted herewith.[1] If entered by the Court, the Distribution Order will, among other things: (1) approve the Claims Administrator's recommendations accepting and rejecting Claims submitted in the Action; and (2) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), attached hereto as Exhibit 1.

## I.      BACKGROUND

On April 28, 2022, Plaintiffs filed the Stipulation, the terms of which established a $1,850,000 Settlement on behalf of the Settlement Class, and the Motion for Preliminary Approval of Class Action Settlement (Dkt No. 78).

The Court granted preliminary approval of the Settlement on January 3, 2023, ("Preliminary Approval Order") (Dkt No. 86). Pursuant to the Preliminary Approval Order, the court-appointed Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator"), disseminated 14,986 copies of the Postcard Notice or emails with links to the Long Notice and Claim Form on the settlement webpage to potential Settlement Class Members or nominees, published the Summary Notice on GlobeNewswire and in Investor's Business Daily,

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement, filed on April 28, 2022 ("Settlement" or "Stipulation") (Dkt. No. 77).

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

maintained a toll-free phone line, and established a dedicated website for the Settlement. See Bravata Declaration ¶¶3-5; see also, Dkt. No. 87-7 ¶¶7-9.

On November 22, 2023, the Court entered the Order and Final Judgment. Dkt. Nos. 96 and 97. This Order approved the Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members. Dkt. No. 96, at 8.

The Claims Administrator has advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration ¶¶6-8. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Thus, the Court should authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the Bravata Declaration.

## II.   DETERMINATION OF AUTHORIZED CLAIMANTS

Settlement Class Members wishing to participate in the Settlement were required to submit a Proof of Claim online or by mail, postmarked or received no later than May 2, 2023.[2] The Claims Administrator continued processing all claims received up to April 23, 2024. Bravata Declaration ¶6. As a result of an effective notice program, through April 23, 2024, SCS received 6,763 Claim Forms. *Id.* SCS reviewed all 6,763 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.*

### A. Valid and Properly Documented Claims

SCS analyzed 6,763 Claim Forms received through April 23, 2024, and determined that 3,183 valid and properly-documented claims were received. Of these 3,183 claims, 3,165 were timely (i.e., postmarked or received no later than May 2, 2023) ("Timely Valid Claims") and 18 were postmarked or received after

---

[2] *See*, Bravata Decl., ¶7(a), fn.5.

4

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

May 2, 2023 but on or before April 23, 2024 ("Late Valid Claims"). Bravata Declaration ¶7(a) n.3. These valid claims represent Recognized Losses of $7,171,963.78. Bravata Declaration ¶7(a).

Plaintiffs request that the Court approve all 3,183 valid claims, including the 3,165 Timely Valid Claims and the 18 Late Valid Claims. The Late Valid Claims have not caused a delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant. Accordingly, Plaintiffs believe it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the May 2, 2023 submission deadline, but while claims were still being processed. *See In re Valuevision Int'l Inc. Sec. Litig.*, No. 94-CV-2838, 1997 WL 786457, at *1 (E.D. Pa. Dec. 1, 1997) (allowing claims submitted after claims deadline because there was no delay in claims administration process); *In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 CIV. 5323 LTS, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowed late claim on "finite pool of assets"). Accordingly, Plaintiffs request that

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

the Court approve the 3,183 properly documented claims as listed in Exhibits B-1 and B-2 to the Bravata Declaration.

The Court should also order that no claims received after April 23, 2024, or any responses to deficiency and/or rejection notices received after May 3, 2024, be included in the distribution. SCS has not processed any claims or responses to rejections received after these dates due to extreme lateness and because their inclusion would have delayed the finalization of the administration. Bravata Declaration ¶6 n.2. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. See *In re Citigroup Sec. Litig., No. 09-Md-2070 (SHS)*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated.'"); *Hartman v. Powell,* No. 00-5356, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

### B. Deficient and Ineligible Claims

#### a. Inadequately Documented Claims

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must submit a Claim Form with adequate supporting documentation. *See* Preliminary Approval Order at 23, ¶6 (approving the form, substance, and requirements of the Long Notice). As detailed in the Proof of Claim and Release Form, Dkt. No. 77-3, proper documentation may consist of photocopies of the stockbroker's confirmation slips, stockbroker's statements, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel. *Id*.

SCS initially identified 60 inadequately documented claims. Bravata Declaration ¶7(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

cure the deficiency, a sample of which is attached as Exhibits C to the Bravata Declaration. *Id*. Of the 60 claims initially identified as deficient, 30 have been successfully cured and are considered valid. *Id.* The remaining 30 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.*, Exhibit D (list of inadequate claims). To date, none of the 30 inadequate claimants have objected to or contested SCS's determination. Bravata Declaration ¶7(b).

The Court approved the content of the Long Notice when issuing the Preliminary Approval Order and mandated the documentation necessary to the submission of a valid claim. *See* Preliminary Approval Order at 23, ¶6. Each of these 30 claimants have failed to provide proper documentation and the Court should, therefore, accept the Claim Administrator's determination and reject these claimants' Claims.

### b. Claims Rejected for Reasons Other Than Inadequate Documentation

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must evidence transactions that result in a Recognized Loss under the Court approved Plan of Allocation. See Long Notice, Dkt. No. 77-2, at 8-15.

SCS has identified 3,550 claims that it recommends for complete rejection. Bravata Declaration ¶7(c), Exhibit E (list of ineligible claims). The reasons for rejection included: (i) claims with no Recognized Losses; (ii) claims with CD Projekt, S.A. ("CD Projekt") securities not purchased through a domestic transaction; (iii) claims with shares sold short; (iv) claims with CD Projekt securities purchased outside the Settlement Class Period; (v) claims with securities of CD Projekt that were not purchased or otherwise acquired, but were received, granted by gift, inheritance, or operation of law; and (vi) duplicate claim filed. *Id.*

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

SCS sent these claimants rejection notices advising them of SCS's determination. *Id.*, Exhibit F (sample ineligibility notice). To date, none of these 3,550 claimants have contested SCS's determination. *Id*. The Court should accept SCS's determination to reject these claimants.

## III.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.1 of the Stipulation, "[a]fter the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order." Further, pursuant to ¶7.3 of the Stipulation, "[u]pon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court." Lead Counsel now seeks to distribute the Net Settlement Fund to the Settlement Class Members whose 3,171 claims have been accepted by the Claims Administrator as set forth in Exhibits B-1 and B-2 to the Bravata Declaration.

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an Initial Distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more. Bravata Declaration ¶9(a). Based on the substantial experience of Lead Counsel and SCS in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* ¶9(b).

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution. If, however, after six months

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

any funds remain in the Net Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a redistribution of the remaining funds. *Id*. ¶9(c). During the redistribution, any amounts remaining in the Net Settlement Fund after the initial distribution, after payment of amounts mistakenly omitted from the initial distribution to Authorized Claimants, and after payment of additional Administration Costs incurred in administering the Settlement (including costs or fees of such redistribution), will be redistributed to all Authorized Claimants in the initial distribution who cashed their checks and would receive at least $10.00 from the second distribution, if such redistribution is economically feasible. *Id.*

If six months after the second distribution, if undertaken, or if a second distribution is not undertaken, any funds remain in the Net Settlement Fund, such funds shall be donated to the Howard University School of Law Investor Justice and Education Clinic, with the approval of the Court. *Id.* The Proposed Order filed herewith confirms the Settlement's provisions for such redistribution of the Net Settlement Fund.

## IV.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, the Court must bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, the Court should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627 FMO (RAOx)

bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See In re Top Tankers, Inc. Sec. Litig.*, No. 1:06-cv-13761-CM (S.D.N.Y Dec. 14, 2009) (ECF No. 123 at 4, Order Authorizing Distribution of Net Settlement Fund).

## V.    RECORDS RETENTION AND DESTRUCTION

The Court should order that in no less than one year after all distribution(s) of the Net Settlement Fund to the eligible claimants, the Claims Administrator may destroy the paper and electronic copies of the Claim Forms and all supporting documentation. *See* Bravata Declaration ¶9(e).

## VI.    CONCLUSION

For the foregoing reasons, the Court should approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: August 6, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/Jonathan Stern*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jstern@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT– 2:20-cv-11627
FMO (RAOx)