**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW TRAMPE, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CD PROJEKT S.A., ADAM MICHAL KICIŃSKI, MARCIN IWIŃSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSK, <br><br> Defendants. | Case No: 2:20-cv-11627 FMO (RAOx) <br><br> CLASS ACTION <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS** <br><br> Judge: Hon. Fernando M. Olguin |

**IT IS HEREBY ORDERED THAT:**

1.     The Motion of Lead Plaintiff James W. Gordley, and additional plaintiffs Steven Shaginyan and Phillip Trefethen ("Plaintiffs") for Distribution of Class Action Settlement Funds is GRANTED.

2.     As set forth in the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Decl."), the administrative

determinations of the Claims Administrator,[1] Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Bravata Decl. are approved, and the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Decl. are approved.

3.      Any person asserting claims filed after April 23, 2024, the date SCS used as the latest date to file a claim in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. Any response to a rejected claim received after May 3, 2024, the date SCS used as the latest date to respond to a rejection notice in order to avoid delaying finalization of the administration, is forever barred from asserting a claim.

4.      The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5.      The distribution plan for the Net Settlement Fund as set forth in the Bravata Decl. and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to deposit or cash a distribution check within the

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement, filed on April 28, 2022 ("Settlement" or "Stipulation") (Dkt. No. 77).

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS
2:20-CV-11627 FMO (RAOX)

time allotted or consistent with the terms outlined in the Bravata Decl. will irrevocably forfeit all recovery from the Settlement.

6.      Pursuant to Section 7.3 of the Stipulation, "the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court." Furthermore, pursuant to section 7.10 of the Stipulation, "If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such redistribution. Any balance that remains in the Net Settlement Fund after re-distribution(s) that is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to the Howard University School of Law Investor Justice and Education Clinic[.]"

7.      All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8.      SCS is authorized to destroy the paper copies of the Claim Forms and all supporting documentation (i) in no less than one (1) year after the distribution of the Net Settlement Fund, and (ii) in no less than one (1) year after all funds have

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS
2:20-CV-11627 FMO (RAOX)

been distributed, SCS is authorized to destroy the electronic copies of the Claim Forms and all supporting documentation.

9.     This Court retains jurisdiction over any further application or matter which may arise in connection with this action.


Dated: _____, 2024                    _____

                                                HON. FERNANDO M. OLGUIN
                                                UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS
2:20-CV-11627 FMO (RAOX)