UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANDREW TRAMPE, Individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

CD PROJEKT S.A., ADAM MICHAŁ KICIŃSKI, MARCIN IWIŃSKI, PIOTR MARCIN NIELUBOWICZ, and MICHAŁ NOWAKOWSKI,

    Defendants.

Case No. CV 20-11627 FMO (RAOx)

**DECLARATION OF MARGERY CRAIG CONCERNING THE RESULTS OF THE CLAIMS ADMINISTRATION PROCESS**

I, Margery Craig, declare:

1.    I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over fifteen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred twenty-five (525) class action cases since its inception. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify thereto.

1

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)

## UPDATE ON THE NOTIFICATION PROCESS

2.     Pursuant to the Preliminarily Approving Order, dated January 3, 2023, (Dkt. No. 86) ("Preliminary Approval Order"), SCS was appointed as the Claims Administrator in connection with the Settlement of the above-captioned action.[1]

3.     As noted in the Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, dated March 8, 2023 (Dkt. No. 87-7), and the Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections, dated April 21, 2023 (Dkt. No. 90-4) (together, the "Craig Declarations"), SCS mailed or emailed 1,707 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list. As reported in the Craig Declarations, SCS mailed 7,770 Postcard Notices to potential Settlement Class Members and nominees, and were notified by one nominee that they mailed the Postcard Notice to 406 of their customers. Additionally, as noted in the Craig Declarations, SCS received nine email addresses and promptly sent the link to the location of the Long Notice and Proof of Claim and was notified by one of the nominee that they emailed 6,649 of their customers to notify them of this settlement and provide the link to the location

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement dated April 28, 2022 (Dkt. No. 77) ("Stipulation").

2

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)

of the Long Notice and Proof of Claim.  Since the Craig Declarations were filed, SCS was notified by the nominee that they emailed an additional 152 of their customers with a direct link to the location of the Long Notice and Proof of Claim. In total, 14,986 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed the link to the location of the Long Notice and Proof of Claim on the settlement webpage.

## UPDATE ON TOLL-FREE PHONE LINE

4.      The Craig Declarations noted that SCS maintains a toll-free telephone number (1-866-274-4004) for potential Settlement Class Members to call and obtain information about the Settlement.  SCS will continue to promptly respond to each telephone inquiry from Settlement Class Members through the distribution process.

## UPDATE ON SETTLEMENT WEBPAGE

5.      The Craig Declarations also noted that on January 3, 2023, SCS established a webpage on its website at www.strategicclaims.net/CDProjekt/. The webpage is accessible 24 hours a day, 7 days a week and contains a current status of this case; the case deadlines; the online claim filing link; and important case documents.  SCS will continue to maintain and, as appropriate, update the Settlement webpage with relevant case information through the distribution process.

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)

## STATUS OF CLAIMS PROCESSING

6.      Through April 23, 2024, 6,763 Claim Forms ("claims") were submitted in connection with this settlement.[2] SCS has carefully reviewed, analyzed, and processed all of these claims, and has responded to all claimant inquiries regarding the action, the settlement and the procedures for filling out the Claim Forms. SCS has also been in close contact with Lead Counsel to review the administration process. SCS's Report of Claims Administrator is annexed hereto as **Exhibit A** and described below.

7.      The annexed Report of Claims Administrator sets forth the final status of claims submitted to SCS as follows:

a.      <u>PROPERLY DOCUMENTED CLAIMS</u>:   SCS has identified 3,183[3] properly documented valid claims. These valid claims represent Recognized Losses of $7,171,963.78.[4] These valid claims were calculated in the manner set forth in the Court-approved Plan of Allocation of the Net Settlement Fund ("Plan of Allocation"), included in the Notice. **Exhibit B-1** is a spreadsheet of the 3,165 properly documented and timely submitted

---

[2] SCS has not processed any claims filed after April 23, 2024, or any responses to rejections received after May 3, 2024, due to extreme lateness and because their inclusion would have delayed the finalization of the administration.

[3] This number includes 3,165 timely filed valid claims and 18 late but otherwise valid claims.

[4] This amount includes Recognized Losses for timely filed, valid claims of $5,968,813.50 and Recognized Losses for late (but otherwise valid) claims of $1,203,150.28.

4

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)

claims. **Exhibit B-2** is a spreadsheet of the 18 claims submitted after the claims filing deadline, May 2, 2023[5], and on or before April 23, 2024.

b.      INADEQUATELY DOCUMENTED CLAIMS: SCS initially identified 60 inadequately documented claims. SCS mailed or emailed inadequacy notices to each of these claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure. A sample inadequacy notice is annexed hereto as **Exhibit C**. Among these 60 deficient claims, 30 have been successfully cured and are considered valid. The remaining 30 inadequate claimants either did not respond to the inadequacy notice or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy. To date, none of the 30 inadequate claimants has objected to or contested this determination. *See* **Exhibit D** for a list of the inadequate, rejected claimants.

c.      INELIGIBLE CLAIMS: In addition to the 30 claims discussed above in paragraph 7.b., SCS has identified 3,550 claims which we recommend for complete rejection. Included in this category are: (i) claims with no Recognized Losses; (ii) claims with CD Projekt, S.A. ("CD Projekt") securities not purchased through a domestic transaction; (iii) claims with

[5] Pursuant to the Declaration of Paul Mulholland Regarding Notice Plan dated April 28, 2022, paragraph 14 (vii) stated the claims filing deadline within thirty (30) days prior to the Final Approval Hearing or May 2, 2023.

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)

shares sold short; (iv) claims with CD Projekt securities purchased outside the Settlement Class Period; (v) claims with securities of CD Projekt that were not purchased or otherwise acquired, but were received, granted by gift, inheritance, or operation of law; and (vi) duplicate claim filed. *See* **Exhibit E** for a list of these ineligible claims. We have communicated with these 3,550 claimants and advised them of our determination. A sample ineligibility notice is annexed hereto as **Exhibit F**.  To date, none of these ineligible claimants has contested their determination.

8.    In anticipation of completing this administration, SCS respectfully requests that the Court reject as untimely any claims received after April 23, 2024, and any responses to deficiency and/or rejection notices received after May 3, 2024.

9.    Should the Court concur with SCS's administrative determinations concerning the claims recommended for acceptance and rejection, SCS recommends the following:

(a)    Per the Plan of Allocation, each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all 3,165 Authorized Claimants and 18 late claims, if the late claims are deemed valid by the Court. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)

(b)    In order to encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all checks should bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation.

(c)    If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If,

7

six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel, specifically the Howard University School of Law Investor Justice and Education Clinic.

(d) Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants in subsequent distributions if such distributions are determined to be economically feasible.

(e) SCS respectfully requests the Court order that: (i) in no less than one (1) year after the distribution of the Net Settlement Fund, we may destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) in no less than one (1) year after all funds have been distributed, we may destroy the electronic copies of the Claim Forms and all supporting documentation. This is the customary document retention period SCS uses to

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)

prevent additional costs to the Settlement Class for storage expenses and related fees.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 3rd day of July 2024, in Media, Pennsylvania.

_____
Margery Craig

DECLARATION OF MARGERY CRAIG, Case No. CV 20-11627 FMO (RAOx)